THOMAS C. MATTHIE *v.* TOWN OF BARTON.

*Pleadings. Evidence. Notice. Highway.*

This being an action to recover damages for an injury caused by the insufficiency of a highway, the plaintiff introduced evidence tending to prove that the notice required by section 42, of chapter 25, of the General Statutes, had been given to the selectmen, the defendant offered evidence tending to rebut this fact, to which the plaintiff objected because such fact was not denied by special plea or notice. *Held*, that the evidence was admissible. The materiality of such fact furnishes a test of the validity of such objection.

It is the right of the defendant to controvert by evidence every fact which is material for the plaintiff to prove, under the general issue, and for the proving of which he gives evidence.

The cause or claim is perfected and complete on the occurring of the injury; the right to maintain the particular action involves the necessity of the required notice. The want of such notice does not operate to extinguish a right of action which once existed, but to prevent such right of action from ever existing. Therefore it does not, by the terms and force of section 15, chapter 33, General Statutes, constitute the subject either of a special plea or notice to be filed with the general issue.

The case of *Kent* v. *Town of Lincoln*, 32 Vt. 591, deciding that such notice is not so far a part of the cause of action as to require it to be alleged in the declaration, commented upon and approved.

THIS was an action to recover damages for injuries sustained by the plaintiff by reason of the insufficiency of a public highway in the town of Barton. Plea, the general issue, and notice that the defendant would rely in defence on proof of an accord and satisfaction, and trial by jury, at the December Term, 1866, PECK, J., presiding.·

The plaintiff's evidence tended to show that he suffered material damage in his person and property; that the same was caused without fault on his part, and by reason of the insufficiency of said highway, and that the requisite notice was given to one of the selectmen of Barton, by the plaintiff, within thirty days of the time when the injury occurred.

The defendant gave evidence tending to contradict the fact of such notice.

The plaintiff's counsel seasonably insisted that, under the plead-

ings in the case, the plaintiff was not bound to prove that such notice was given to the selectmen, or either of them, within thirty days, and that evidence on the part of the defence was not admissible to prove that such notice was not given within thirty days, for the purpose of barring or defeating the action.

The court overruled the objection and admitted the evidence, and the plaintiff requested the court to instruct the jury that, under the pleadings in this case, it was not material that he should make such proof, and that any lack of such proof of notice, within said term of thirty days, would be no bar to the plaintiff's right to recover; but the court refused so to charge, and instructed the jury that it was essential to the plaintiff's right to recover that he should prove such notice to one of the defendant's selectmen, within thirty days of the time when such accident occurred, or damage was sustained, and that the burden of proof on this point was on the plaintiff, and that if such notice was not proved to their satisfaction to have been given to one of the defendant's selectmen within the said term of thirty days, the plaintiff could not recover, and their verdict should be for the defendant. *

To the rulings of the court, to the refusal of the court to charge as requested, and to the charge as above stated,—the plaintiff excepted.    Verdict for the defendant.

*J. H. Prentiss*, for the plaintiff.

*Wm. W. Grout* and *John P. Sartle*, for the defendant.

The opinion of the court was delivered by

BARRETT, J.    The character and manner of the argument in behalf of the plaintiff have led us to a fuller discussion of the subject than the importance of the question, or any difficulty involved in it, would seem to require.    The plaintiff's objection to the evidence tending to show that notice was not given to either of the selectmen rests on the assumption that, in order to render such evidence admissible, the lack of such notice should have been pleaded specially, or notice given under the general issue.    A conclusive test

of the validity of the objection would seem to result from determining whether the plaintiff would have made out his right to maintain this action, if he had not given any evidence tending to show the giving of such notice; for, if it was necessary for him to prove that fact in order to make out such right, it would unquestionably follow that the evidence given by him tending to prove that fact might be met by counter evidence on the part of the defendant. We can think of no instance in which it is not the right of the defendant to controvert by evidence every fact which is material for the plaintiff to prove, under the general issue, and for the proving of which he gives evidence. In *Barron* v. *Mason*, 31 Vt. 190, Ch. J. REDFIELD says, " of course the defendant may disprove " what the plaintiff must prove, in order to show that he has a right of action. And this expression is true to the idea that seemed unquestionable till the present case brought it into debate. The statute provides that no action shall be maintained unless the notice shall have first been given, etc. It was decided in *Kent* v. *The Town of Lincoln*, 32 Vt. 591, " that this notice is not a part of the plaintiff's cause of action ; that it pertains to the remedy and evidence merely to enforce and support his claim, and need not be set forth in the declaration." That announcement of the matter decided, in connection with the discussion of the subject by our late Ch. J. POLAND, seems to involve and bring out the idea that the provision of the statute, as to the notice in question, does not touch the *cause*, ( the *claim* which the plaintiff might seek to enforce by an action ;) that that *cause* or *claim* consists in the fact of an injury by reason of a defective highway which the town was bound to keep in good and sufficient repair ; that such *cause* or claim results from a provision of the statute that was in existence long before the requirement as to notice was enacted, and that that requirement was not designed to, and does not, incorporate itself with the old law creating the *cause* or *claim*, but merely supervenes upon it, by providing a preliminary step, necessary to be taken in order to entitle the party to enforce the existing cause or claim by an action. This idea may properly be regarded as resting upon a distinction that seems palpable between the *cause* of action or claim, as the subject matter of the suit, and the *right* to maintain the par-

ticular action as a remedy. The *cause* or claim is perfected and complete on the occurring of the injury; the *right* to maintain the particular action involves the necessity of the required notice. This distinction seems to be recognized in sec. 15, ch. 33, Gen. Stat., by the force of which it is claimed that, with the general issue, notice of the lack of notice to the selectmen should have been filed in order to entitle the defendant to give evidence of such lack of notice. The language is, (after naming the several actions,) " if the defendant pleads the general issue, but relies on special matter of defence operating to extinguish the *right* of action which once existed, the defendant shall file with such plea," etc. And this leads directly to the remark that, in order to the existence of the right to maintain this action, said notice was necessary. The want of such notice did not operate to extinguish a right of action *which once existed;* but it operated to prevent such right of action *from ever having existed.* It did not then, by the terms and force of the statute, constitute the subject either of a special plea, or of a notice to be filed with the general issue.

The common law as to defences that may be made under the general issue, in actions of *trespass on the case,* is, in our opinion, well stated in *Whitney* v. *Clarendon,* 18 Vt. 252, and in *Kidder* v. *Jennison et al.,* 21 Vt. 108 ; and, were it not for the statute of 1856, which now constitutes said sec. 15, ch. 33, Gen. Stat., we think the admissibility of the evidence given by the defendant would not be questioned; and we regard it equally clear, that, in this action, the subject matter of that evidence does not fall within the terms and intent of that section.

But to recur again to the case of *Kent* v. *Lincoln,* there is no doubt as to what was decided in that case, nor as to the ground of the decision. We find no occasion to criticise or discuss the aptness of the remarks of the judge, in drawing up the opinion, as to certain seeming analogies between the statute of limitations, and the statute of frauds, and the statute requiring the notice in question. They were made, not as presenting the principle, or the ground and reason of the decision, but rather as tending in some respects to illustrate the true view to be taken of the statute requiring said notice. It was

Matthie *v.* Barton.

not assumed. in those remarks that the analogy was complete, but only proximate, and in respect to certain features, as is clearly manifested in the opinion ; so that neither the principles, reasons, or practice in those cases were regarded as authoritative in respect to the statute under consideration. In that case it was a question of pleading and practice, arising upon a new provision of the statute affecting the right of enforcing, by action, a cause or claim that was created by a statute that had long been in existence, and under which there was no occasion to modify, or enlarge, or vary the common law rule of pleading and practice. The court held that the new enactment did not require any new rule of pleading in respect to the statement of the cause of action ; that it pertained only " to the remedy and evidence merely to enforce and support the claim " accorded by the old statute. In this view, and as the counterpart of it as matter of practice, not only did the judge in effect say, but he therein expressed the view of the whole court, that the notice " must be given, and may be required to be proved ; " that such notice being an act required to be done by the plaintiff, he would be required to show that he had complied with this preliminary requisite to the sustaining of his action. It was thus held, as matter of practice, to be indispensable for the plaintiff to prove such preliminary act, even though not necessary for him to aver it in his declaration ; and, of course, without proving it, he would come short of establishing his right to maintain the action. The plaintiff so understood the matter, and acted accordingly, in making up his case in the opening under the general issue ; and it seems to us not to be reasonably questionable, that it was proper for the defendant to meet the plaintiff and his evidence on the question of said notice to the selectmen with counter evidence.

The judgment is therefore affirmed.