SYLVIA PARKER *v.* TOWN OF PITTSFIELD.

. Special Term at Rutland, November, 1913.

Present:   POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed October 14, 1914.

*Bridges—Defective Culvert—Actions—Notice of Injury—Sufficiency—Description of Location—"About"—Estoppel.*

The provision of P. S. 4031, that no action shall be maintained against a town for injuries or damage sustained because of the insufficiency of a bridge or culvert in a highway, unless the prescribed written notice was given to the selectmen, pertains to the remedy, and no such action can be maintained without proof of the required notice.

In an action against a town for injuries resulting from the insufficiency of a bridge or culvert, the written notice that was given in attempted compliance with P. S. 4031 may be *prima facie* sufficient, and yet may be shown by the evidence to be doubtful, or even insufficient, and so the fact that the notice, when offered in evidence, was received without objection did not constitute a waiver of material defects therein, nor of the town's right to take advantage of such defects when shown in the course of the trial.

Where the written notice to a town of injuries alleged to have been sustained because of a defective culvert recited that the culvert was located "about 10 rods" south of the junction of designated highways, and it appeared that the defective culvert was 41 rods south of that junction, and that about half way between that culvert and that junction there was a small stone culvert, which was the first one south of that junction, but that the surface of the road was so graded as to make this culvert somewhat difficult to observe, while the recited description of the impairment of the road at the defective culvert, owing to the alleged defect therein, was such that the place could be easily ascertained by the selectmen with the aid of a notice, the word "about" in the notice was a relative significance, varying with the circumstances, the recited distance was not controlling, and the notice sufficiently designated the location of the culvert. .

CASE for negligence. Plea, the general issue. Trial by jury at the September Term, 1912, Rutland County, *Waterman,* J. presiding.

The notice to the town stated that the plaintiff, on the day named, was injured and sustained damages by reason of the insufficiency and want of repair of a culvert in a highway in said town of Pittsfield, etc.; that the place "was at the culvert in the highway known as the 'Liberty Hill Road' in said town of Pittsfield, which said culvert is located about ten rods southerly from the point of the junction of the said Liberty Hill Road, so-called, with the highway which leads from Pittsfield to Rochester, passing the farm house of Matt Hall in said Pittsfield; and that said culvert is the first culvert on said Liberty Hill Road, so-called, southerly from the point of junction of said two highways and the highway herein designated as the Liberty Hill Road is the highway leading from Pittsfield to Rochester, and passing the farms of Charles Wescott, Rodney Swift, and others.

"And you are hereby further notified that said culvert in said highway was insufficient and out of repair in that the sides thereof were washed out and the earth undermined and excavated to a great depth, to wit, to the depth of from two to three feet, and the said culvert was insufficient and out of repair in that the same was too small to convey away the water flowing therein, and was and had been filled with dirt and refuse so as to prevent and hinder the escape and flow of water therein, and to cause the undermining and excavation of said highway at and near the sides of said culvert, and to make the same dangerous for travel and liable to cause injury."

The notice was received in evidence without objection. At the close of the evidence the defendant moved that a verdict be directed on the ground, (among others), "That the notice to the selectmen of the town of Pittsfield is insufficient as the evidence shows that the accident to plaintiff did not occur at the place and within the limits of the place described in that notice as the place of the accident, but at an entirely different place outside of these limits." The motion was overruled and defendant excepted.

The defendant's evidence tended to show that at a point about half way between the junction of the road and the cul-

vert where the plaintiff was injured there was a stone culvert in the highway, that was twelve feet long as it crossed the highway, the sides made of cobblestones and covered with flat stones, the walls of the culvert sixteen inches apart, and from bottom of the covering stone to the dirt under the culvert, six to eight inches; that in the driveway over this culvert the stones were covered with dirt, but the covering stones at each end on the sides of the road were not covered with dirt and could be seen in passing along the road. The plaintiff's evidence tended to show that this culvert was small in dimensions and the road graded on its surface on both sides of it in such a manner as to conceal it to a considerable extent from observation, and there was no unevenness in the road as it crossed the culvert. A witness for the plaintiff (her husband) testified that he went over the road for the purpose of describing the culvert in question, looking for other culverts or landmarks, and passed across this stone culvert without seeing or noticing it, and for this reason reported to plaintiff's attorney who made the notice that the wooden culvert at which the accident happened was the first culvert south of the junction formed by the roads as aforesaid. The plaintiff's evidence also tended to show that before the removal of the plank culvert (which was done the day following this accident) it was in substantially the condition described in the notice, with the road gouged out by the action of the waters close to the margin of the plank of the culvert, while there was no gouging out or undermining of the road near the stone culvert.

Special questions 1, 2, 3, and 4 were submitted to the jury as follows: 1. Was there, May 12, 1911, between the junction formed by the Liberty Hill Road with the highway leading past Matt Hall's house to Rochester and the culvert on or near which plaintiff was injured, a stone culvert substantially as described by defendant's witnesses, and as appears by the plan in the case? 2. Was or was not this stone culvert the first culvert south of the junction of the roads above mentioned? 3. Was there a plank culvert on this same highway? Was it or not situated at a point on the highway shown by the plan, and by the testimony of the defendant's witnesses? 4. Where did the plaintiff's evidence tend to show the accident took place?

The jury returned an affirmative answer to each of the first three questions, and to the fourth question, they answered, ''At the plank culvert.''

After verdict defendant moved for judgment on the ground that on the facts shown by the special findings the notice as to the place of the accident was insufficient in law. This motion was overruled *pro forma* and judgment rendered for the plaintiff, to which defendant excepted.

*M. M. Gordon* and *T. W. Moloney* for the plaintiff.

*Lawrence, Lawrence & Stafford* for the defendant.

WATSON, J. It is urged that the admission of the notice in evidence without objection was a waiver of any objection that might have been made against it. But this is not so. By statute (P. S. 4031), ''No action shall be had or maintained in any court against a town for injuries received or damages sustained through the insufficiency of a bridge or culvert, unless notice is first given in writing, signed by the party so injured or claiming damage, to one or more of the selectmen of the town in which the bridge or culvert is situated, * * * stating the time when and the place where the injury was received, and pointing out in what respect the bridge or culvert was insufficient or out of repair, and stating that such person will claim satisfaction of the town.''

This statute pertains to the remedy, and it is essential to the right to maintain an action to prove that the person injured or damaged gave notice to the town in compliance therewith. *Kent* v. *Lincoln*, 32 Vt. 591; *Matthie* v. *Barton*, 40 Vt. 286; *Harris* v. *Townshend*, 56 Vt. 716.

A notice *prima facie* sufficient may upon the facts shown by the evidence be doubtful or even insufficient. *Pratt* v. *Sherburne*, 53 Vt. 370.

It devolves upon the plaintiff to show such a notice to the selectmen as the law requires, having reference to the facts established by the evidence; and the failure to object to the notice when offered in evidence is no waiver of material defects therein, nor of the right to take advantage of such defects later in the course of the trial. See *Law* v. *Fairfield*, 46 Vt. 425; *Pratt* v. *Sherburne*, cited above.

The only other question before us relates to the sufficiency of the notice as to the place of the accident. It appears that the accident happened at a culvert in the Liberty Hill Road, and southerly from the point of junction of the highways named. The notice states this culvert to be located "about ten rods southerly from the point of junction," on the Liberty Hill Road, and as the "first culvert" on that road southerly from the point of junction. The special findings of the jury show that the accident happened at a plank culvert forty-one rods southerly from the point of junction, and that about half way between the place of this culvert and the junction of the roads there was a stone culvert which was the first culvert south of that junction. The word "about" has a relative significance varying with the circumstances. Hence the phrase "about ten rods southerly from the point of junction" did not in contemplation state the exact distance. Nor is the distance given controlling. In *Rogers v. Swanton*, 54 Vt. 585, it appeared that the notice given by the plaintiff to the town was lost, and parol evidence was received to show the contents of the notice respecting the place where the accident occurred. The evidence on the part of the plaintiff tended to show that the notice stated the place as one quarter of a mile from the Aldis-Gadcomb place, "and three-quarters of a mile from the Brainard mill." The defendant offered to show that the distance from the place where the plaintiff claimed to have been injured to Brainard's mill was one and one-fourth miles. The evidence was excluded and exception saved. This Court held that the testimony was properly excluded; that the place of injury might have been a mile and a quarter from Brainard's mill and yet the notice be sufficient; for "distance must yield to a more definite description by reference to natural objects and the condition of the road."

The plaintiff's evidence tended to show that the stone culvert was small in dimensions, and that both sides of the surface of the road were graded in such a manner as to conceal the culvert, to a considerable extent, from observation, and that there was no unevenness in the road as it crossed this culvert—indeed that the plaintiff's husband, when going over the road looking for other culverts and landmarks for the purpose of describing the culvert where the accident happened, passed over the stone culvert without seeing or noticing it. The plaintiff's evidence also tended to show that at the time of the accident the condition of

the plank culvert was substantially as described in the notice, with the road gouged with water, close to the margin of the plank of the culvert, while there was no gouging out or undermining of the road near the stone culvert. In view of the fact that the notice substantially described the condition of the culvert and of the road where the accident occurred, and that the conditions at the stone culvert were materially different, it should seem reasonably certain that the selectmen, notice in hand, could have no trouble in finding the place. No more definiteness as to the place is required. *Tinkham* v. *Stockbridge,* 64 Vt. 480, 24 Atl. 761; *Castle* v. *Guilford,* 86 Vt. 540, 86 Atl. 804. It follows that in overruling the defendant's motions for a verdict and for judgment, and in rendering judgment for the plaintiff, there was no error.

*Judgment affirmed.*