(No. 10775.)

CARL BUSHNELL, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed December 21, 1916.*

1. WORKMEN'S COMPENSATION—*what notice of accident must be given the employer.* The Workmen's Compensation act of 1913 contemplates that the employer shall have notice of the accident, either by formal notice or by knowledge of such facts as will apprise him that his employee has sustained injuries of such a character as to entitle him to compensation and that he may reasonably expect that such claim will be made.

2. SAME—*what is not sufficient notice of the circumstances of the accident.* The mere fact that an injured employee of a carpenter told the foreman, in response to a question as to what caused him to limp, that he had wrenched his leg in attempting to tear up a floor he was working on, without making at that time any claim for compensation or suffering any interruption of his work, is not, alone, sufficient notice of the circumstances of the accident to entitle the injured man to compensation under the provisions of section 24 of the Workmen's Compensation act of 1913. (*Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498, distinguished.)

3. SAME—*section 24 of Workmen's Compensation act, requiring claim for compensation within six months, is mandatory.* The provision of section 24 of the Workmen's Compensation act requiring a claim or demand for compensation to be made within six

months from the date of the accident is mandatory, and unless the claim is made within the required time recovery will be barred.

4. SAME—*burden is on claimant to prove a demand within the required time, and such proof is jurisdictional.* The making of a claim for compensation, as provided by section 24 of the Workmen's Compensation act of 1913, is jurisdictional and a condition precedent to the right to maintain the action, and the burden is on the claimant to prove, as a part of his case in chief, that such claim was made, and in absence of such proof the committee of arbitration and the Industrial Board are without jurisdiction to proceed in the matter.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILKERSON, CASSELS & POTTER, (RALPH F. POTTER, of counsel,) for plaintiff in error.

FARRELL & THOMPSON, (HOPE THOMPSON, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This is a writ of error to review the judgment of the circuit court of Cook county affirming the decision of the Industrial Board awarding to defendant in error Arthur W. Stewart the sum of $300 as compensation under the Workmen's Compensation act for injuries received by him while at work for plaintiff in error as a carpenter in the city of Chicago. It is admitted that both parties are governed by the provisions of that act. The circuit court has granted a certificate that the cause is a proper one to be reviewed by this court, and this writ of error has been sued out pursuant to such certificate.

Two reasons are urged for a reversal of the judgment: (1) That no notice of the accident such as is required by the statute was given to the employer within thirty days after the accident; and (2) that the record contains no evidence of any demand having been made upon the em-

ployer for compensation within six months after the accident occurred.

The injury complained of occurred while Stewart was at work for plaintiff in error tearing up a floor in the Federal building, at Clark and Jackson streets, in the city of Chicago. Stewart was using a pick, one end of which he stuck under the floor, and the floor was raised and torn up by putting his foot on the other end of the pick and giving the handle a pull. While thus engaged in his work on November 4, 1913, the pick in some way slipped and he twisted his leg and sustained the injury for which he is now seeking compensation. The injury was but slight at first, and while he was a little lame the next day and for some days thereafter, it did not prevent him from continuing at his work the same as before, and for some weeks after the accident he continued to work full working hours and made no claim upon plaintiff in error on account of such injury.

No formal notice of the accident and claim for compensation were made upon plaintiff in error at the time it occurred or within thirty days thereafter, as provided by section 24 of that act. (Laws of 1913, p. 351.) The knowledge of the facts and circumstances relied upon as dispensing with such formal notice is a conversation the foreman of plaintiff in error had with Stewart the following day when he saw him limping and asked him what was the matter and was told by him that he had hurt his leg in tearing up the floor, and a further conversation some days later, when the foreman saw him still limping and asked him what the matter was, and was told by him that he had a "game leg." It is not claimed that in either of the conversations it was intimated to the foreman of plaintiff in error that the injury was serious, or that Stewart had any cause for or intention of making a claim for compensation under this act on account of such injury, or that the foreman had any knowledge of the facts and circumstances

of such injury other than that obtained from the conversations just related.

While the statute is very liberal in its provisions as to the character of the notice to be given and provides that no defect or inaccuracy therein shall bar the proceedings unless the employer proves that he is unduly prejudiced by such defect or inaccuracy, and that the failure to give such notice shall not relieve the employer from liability when the facts and circumstances of such accident are known to the employer or his agent or vice-principal, still we think it is both the spirit and intention of the act that the employer shall have notice, either by formal notice or knowledge of such facts and circumstances of the accident as will apprise him that his employee has sustained injuries of such a character as to entitle him to compensation under the act and that he may reasonably expect that such claim will be made. In *Parker-Washington Co.* v. *Industrial Board, 274* Ill. 498, we held that where the foreman of the employer sought to be charged who was in charge of the work knew of the accident at the time or shortly after it occurred, and the general superintendent of such employer knew the next morning about the accident and the name of the injured man and how it happened, this was sufficient notice. But it was not shown in this case that the foreman of plaintiff in error had any such knowledge of the accident as was shown in the *Parker-Washington Co. case.* The mere fact that Stewart told the foreman, in response to the question as to what caused him to limp, that he had wrenched his leg in attempting to tear up the floor, without making any claim for compensation for such injury or suffering any interruption of his work, was not sufficient notice of the facts and circumstances of the accident to entitle him to compensation under the provisions of section 24 of that act without the giving of any other notice.

The record also fails to show that any claim for compensation was made within six months after the accident,

as required by section 24 of the act, which provides: "No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made within six months after such payments have ceased." No form of claim or demand was made by Stewart for compensation under this act until May 21, 1914, or more than six months after the alleged injury occurred. While the evidence shows that Stewart went to see plaintiff in error on April 17, 1914, and at that time stated to him that he had hurt his leg tearing up the floor, there is no proof in the record that Stewart at that time made any formal or informal claim upon plaintiff in error for compensation under the act for such injury. In *Haiselden* v. *Industrial Board*, 275 Ill. 114, we held the provisions of section 24 of this act were mandatory, and that unless claim was made within six months from the time of the injury it would be barred by the foregoing provisions of the act.

Defendants in error concede that it may be true that the record fails to show any specific demand was made within six months, but insist that if such is the case demand was waived by the failure to raise the point on the hearing before the committee of arbitration, the Industrial Board or on the hearing in the circuit court. With this contention we do not agree. The making of a claim for compensation is jurisdictional and a condition precedent to the right to maintain such action, and the burden of proof was upon the claimant to establish such fact as a part of his case in chief, and in the absence of such proof the committee of arbitration and the Industrial Board were without jurisdiction to proceed in the matter.

For the reasons given, the judgment of the circuit court must be reversed.                    *Judgment reversed.*