(No. 12309.—Judgment affirmed.)

D. W. STORRS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JACOB DIER, Defendant in Error.)

*Opinion filed December 18, 1918.*

1. WORKMEN'S COMPENSATION—*when an employer is engaged in maintaining and repairing buildings.* One whose only occupation is the maintaining and repairing of a dozen or more buildings owned by him, for which purpose he employed a foreman with authority to employ other persons and direct their work, all wages being paid by such owner, is engaged in maintaining and repairing buildings, within the meaning of paragraph (*b*) of section 3 of the Compensation act, and no election by him to come within the act is required.

2. SAME—*objection that no claim for compensation was made within six months must be specifically made.* An objection that no claim for compensation was made within six months after the injury must be specifically made before the Industrial Board or it must be considered waived and cannot be considered by the Supreme Court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding.

WILLIAM A. BARNES, for plaintiff in error.

H. J. ROSENBERG, (IRVING ZIMMERMAN, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court by writ of error to review a judgment of the circuit court of Cook county affirming an award, aggregating $641, made by an arbitrator and confirmed by the Industrial Commission under the Workmen's Compensation act in favor of defendant in error.

It is contended plaintiff in error was not subject to the Workmen's Compensation act, and also that no claim was made for compensation within six months after the accident.

The plaintiff in error was engaged in no other business than the managing, maintaining and keeping in repair some twelve or fifteen buildings, most of which belonged to him. One or two belonged to members of his family. For this purpose he employed a man named Miller as foreman, who had authority to employ men to help him and to direct them in the performance of their work. All wages were paid by plaintiff in error. Miller testified he had worked for plaintiff in error more than twelve years, and that plaintiff in error also employs one or two painters. On August 16, 1915, defendant in error was at work under foreman Miller painting and calcimining one of plaintiff in error's buildings. The building was a residence two stories high, stone front, with basement. In the course of his employment he received an injury to one eye which destroyed the sight.

Every employer enumerated in paragraph (b) of section 3 is conclusively presumed to be subject to the act unless he elects to the contrary. Plaintiff in error made no election. Among the occupations, enterprises or businesses enumerated in paragraph (b) are "the building, maintaining, removing, repairing or demolishing of any structure, except," etc. If plaintiff in error was subject to the

act it was because he was engaged in the occupation or business of maintaining buildings. He looked after renting the property and collecting the rent, and for the purpose of keeping it in good condition he had a regularly employed foreman and also employed such other help as was needed. He engaged in no work of any kind for others and was not a contractor or builder. All he did was look after and care for his property and that of his children. Lexicographers define "maintain," "to hold or keep in any particular state or condition; in a state of efficiency or validity; to keep up." It would seem clear that plaintiff in error was engaged in the business or occupation of maintaining buildings within the usual and ordinary meaning of that term. If he had not been the owner but had contracted to look after, maintain and keep in repair the buildings for other owners, from whom he received compensation for his services, it could not reasonably be disputed that his business or occupation would come within the act. The fact that he was the owner and received his compensation from rents of the properties we think cannot relieve him from liability under the provisions of the Workmen's Compensation act. The case here does not present the same question presented in *Uphoff* v. *Industrial Board,* 271 Ill. 312. What was held in the *Uphoff case* was that the building of a shed or other structure by an owner who is engaged in another enterprise, occupation or business does not bring him within the legislative intent of the act. In *Johnson* v. *Choate,* 284 Ill. 214, it was held that the erection, maintaining or repairing of a dwelling house by the owner, which is not his occupation or business, does not bring him within paragraph (*b*), but the owner of a large building rented as a lodge room, dance hall and for offices, whose occupation is maintaining the building, is embraced within the terms of said paragraph. We are of opinion the contention that plaintiff in error was not engaged in an occupation subject to the act cannot be sustained.

The other objection argued in the brief of plaintiff in error is that no claim for compensation was made by the employee within six months after the accident, and *Haiselden* v. *Industrial Board,* 275 Ill. 114, *Bushnell* v. *Industrial Board,* 276 id. 262, and *Conway Co.* v. *Industrial Board,* 282 id. 313, holding that unless the claim for compensation is made within six months after the accident it will be barred, are relied on. To that contention defendant in error replies (1) the question is raised for the first time in this court; that it was not raised before the Industrial Commission or before the circuit court and is not now covered by the assignment of errors in this court; and (2) the employee having returned to the employment of plaintiff in error after the accident, was entitled, under paragraph (*d*) of section 8, to present his claim for compensation within eighteen months after he returned to such employment. Plaintiff in error insists the question was raised before the Industrial Commission in the petition to that body for review, and cites the statements in the petition that "the award is contrary to law," and "the award is contrary to the facts," in support of his claim. It is also claimed the question was raised in the circuit court by the motion to quash the return of the Industrial Commission. There is nothing in the abstract to indicate that the fact no claim was made within six months after the accident was raised before the Industrial Commission or in the circuit court. It is not sufficient that the question might have been raised under the general statement in the petition or the motion to quash that the award was contrary to the law and the facts. The opinion of the Industrial Commission contains a review of the facts and the commission's conclusions on the facts and the law, but no reference is made to any question having been raised that the claim for compensation was not made in time. The commission does refer in its opinion and findings to the other question raised that plaintiff in error was not subject to the act, and whether the

circuit court's attention was called to the point now urged that the claim was not made within six months does not appear from the record. So far as disclosed by the record the question is raised in this court for the first time. The objection is one that might be waived and must be held to have been waived by not being specifically raised below, and it is too late to raise the objection now for the first time. *American Milling Co.* v. *Industrial Board,* 279 Ill. 560; *Chicago Packing Co.* v. *Industrial Board,* 282 id. 497.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*