(No. 12530.—Judgment affirmed.)

THE BARRETT COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(L. O. EAGLETON, Admr., Plaintiff in Error.)

*Opinion filed April 15, 1919.*

WORKMEN'S COMPENSATION—*notice of the accident is jurisdictional.* The provision of the Workmen's Compensation act requiring notice of the accident to be given the employer within thirty days is jurisdictional, and an award cannot be sustained if there is no evidence upon which a finding of notice within such time can be based.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. C. V. MILES, Judge, presiding.

ROSCOE HERGET, for plaintiff in error.

FRANK M. COX, and GEORGE W. SPRENGER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Henry Keefe died on December 19, 1916, and a claim for compensation for his death was presented under the Workmen's Compensation act against the Barrett Company. The arbitrator found that notice of the accident was not given to the employer and demand for compensation was not made upon it within the time required by the provisions of the act. The Industrial Commission reviewed

this decision and made an award in favor of the claimant. Upon a writ of *certiorari* the circuit court of Peoria county set aside the finding of the commission, and the claimant has sued out a writ of error to reverse this judgment.

No one saw the supposed accident in which the deceased received his injury. There is no evidence in the record of such accident except the statements of the deceased made to the foreman under whom he worked and the superintendent of the defendant in error's plant. The deceased was a paper maker and millwright and had been employed by the defendant in error for seventeen years. His death occurred from infection of his right hip and bone, which there is evidence tending to show had been caused by an external injury which did not break the skin. Dr. Trewyn began treating him some time in September. W. R. Holmes was the foreman under whom the deceased worked, and he testified that Keefe quit work on Saturday, September 23; that he had complained for three or four weeks of having rheumatism, and on September 23 Holmes told him he had better stay home the next day and when he got well to come back. About a week later Keefe told him that he had been struck on the hip by a rag-truck pushed by a negro employee of the defendant in error while he was engaged in his work. He could not state how long before the 23d the deceased told him he got struck but as near as he could state it was a month or six weeks. He could not say whether it was less than a month. Hennessy, the superintendent of defendant in error, testified that Keefe came down to see him and said that he thought for a long time his trouble was rheumatism but that he believed now it was due to being squeezed between the truck and the beaters. He said that the truck was moved or being pushed by someone and crowded him in between the truck and the beaters. He did not fix the time or any approximate time. He gave the approximate time as a month or two months. As to the time he had been struck by the truck

he could not remember himself. This was all the evidence in regard to when the accident occurred.

The statute requires that notice of the accident be given the employer within thirty days, and this requirement is jurisdictional. (*Bushnell* v. *Industrial Board,* 276 Ill. 262.) Since there is no evidence in the record from which it can be found that notice was given to the employer within thirty days after the accident the Industrial Commission was without jurisdiction and its award was properly set aside.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*