MIKE PETRASKA *v.* NATIONAL ACME COMPANY AND ÆTNA LIFE INSURANCE COMPANY.

October Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 3, 1921.

*Statutes—Effect Must Be Given to All Provisions—Workmen's Compensation Act—Claim for Compensation Essential to Jurisdiction of Commissioner of Industries—Jurisdiction Cannot Be Affected by Consent Nor Waived by Acts of Estoppel—Payment of Medical Expenses not Voluntary Payment of Compensation—Notice of Injury and Claim for Compensation Distinguished.*

1.   In construing a statute, effect must be given to all its provisions.

2.   Unless an injured employee makes claim for compensation within six months after the date of the injury unless excused by voluntary payments of compensation, as required by the Workmen's Compensation Act (G. L. 5796), the Commissioner of Industries has no jurisdiction in the matter.

3.   The necessity of making such claim for compensation was not waived by the defendants by offers of settlement made during the six months following the accident, by the payment of claimant's medical expenses for the first fourteen days of disability, nor by an admission by defendant insurance company made more than six months after the accident that it was liable for compensation, as the jurisdiction of the commissioner cannot be enlarged, diminished, or destroyed by express consent, or waived by acts of estoppel.

4. Payment of an injured employee's medical expenses during the first fourteen days of his disability, being required by G. L. 5784, do not constitute "payments of compensation * * * made voluntarily," within the meaning of G. L. 5796.

5. While the notice of injury and the claim for compensation by an injured employee may be combined (G. L. 5797), they are in effect separate and distinct documents, intended to serve different and independent purposes; and the provisions of G. L. 5799, relative to the effect of faulty or delayed notice of injury in certain circumstances, apply only to the notice of injury.

APPEAL from an award of the Commissioner of Industries, Windsor County, allowing the claimant compensation for injuries received while in the employ of the defendant National Acme Company. The opinion states the case.

*Harvey, Maurice, Whitney & Fitts* for the defendants.

*Roland E. Stevens* for the claimant.

SLACK, J.   The defendants appeal from the award of the Commissioner of Industries allowing the claimant compensation for injuries received while in the employ of the defendant National Acme Company, and move to dismiss the proceedings on the ground that the commissioner did not have jurisdiction to hear and determine the same; it not appearing that the claimant made. claim for compensation as required by law, or that the defendants made voluntary payments of compensation on account of such injuries.

G. L. 5796 provides: "A proceeding under the provisions of this chapter for compensation shall not be maintained unless a notice of the injury has been given to the employer as soon as practicable after the happening thereof, and unless a claim for compensation with respect to an injury has been made within six months after the date of the injury; or, in case of death, then within six months after such death, whether or not a claim has been made by the employee himself for compensation. Such notice and such claim may be given or made by any person claiming to be entitled to compensation or by some one in his behalf. If payments of compensation have been made voluntarily, the making of a claim within such period shall not be required."

Such claim must be in writing. G. L. 5797. And if the employer be a corporation, it may be given to any agent of such corporation upon whom process may be served, or any officer of the corporation, or any agent in charge of the business at the place where the injury occurred; and shall either be delivered or sent by registered letter addressed to the employer at his or its last known residence or place of business. G. L. 5798.

The accident occurred May 2, 1916. A partial hearing was had before the commisssioner November 9, 1917, but no order respecting compensation was made as a result of that hearing. A further hearing was had before the commissioner October 22, 1919, resulting in the order appealed from, which is dated April 7, 1920. The claimant never made any claim for compensation; and the legal effect of his failure to do so is the first question for consideration.

Although a new question in this jurisdiction, it has received the attention of courts elsewhere. A statute nearly identical with ours respecting the making of claim for compensation was before the court in *Bushnell* v. *Industrial Board et al.*, 276 Ill. 262, 114 N. E. 496, and it was held that the making of such claim was jurisdictional and a condition precedent to the right to maintain an action, and that the board was without jurisdiction in the matter unless it affirmatively appeared that such claim was made. *Central Locomotive & Car Works* v. *Industrial Commission*, 290 Ill. 436, 125 N. E. 369; *Ohio Oil Co.* v. *Industrial Commission*, 293 Ill. 461, 127 N. E. 743.

A similar statute was under consideration in *In re Levangie*, 228 Mass. 213, 117 N. E. 200, where the claimant failed to make a claim for compensation, and it was held that full performance of the conditions of the act were essential prerequisites to the jurisdiction of the board, and recovery was denied. To the same effect are *Brown* v. *Weston-Mott Co. et al.*, 202 Mich. 592, 168 N. W. 437; *Twonko* v. *Rome Brass & Copper Co. et al.*, 224 N. Y. 263, 120 N. E. 638; *Good* v. *City of Omaha*, 102 Neb. 654, 168 N. W. 639. In *Barrett* v. *Industrial Commission*, 288 Ill. 39, 123 N. E. 29, it was held that the statutory requirement of notice of the accident was jurisdictional, and unless it appeared that such notice had been given the commission was without jurisdiction, and its award would be set aside. See also *In re Murphy*, 226 Mass. 60, 115 N. E. 40.

The statute under consideration is somewhat analogous to our statute requiring notice in cases of injury on bridges and culverts. G. L. 4617. This Court has repeatedly held that the latter statute pertains to the remedy, and that it is essential to the right to maintain an action for injuries resulting from defective bridges or culverts to prove that such notice was given. *Kent* v. *Lincoln*, 32 Vt. 591; *Matthie* v. *Barton*, 40 Vt. 286; *Parker* v. *Pittsfield*, 88 Vt. 155, 92 Atl. 24. In *Matthie* v. *Barton* the Court said: "The want of such notice did not operate to extinguish a right of action which once existed; but it operated to prevent such right of action from ever having existed."

The whole scheme of the Workmen's Compensation Act is designed to work out a speedy adjustment and payment of claims for industrial accidents in a summary and simple manner. G. L. 5760. To this end the common law and statutory rules of procedure and evidence are done away with in hearings before the commissioner. Acts 1919, No. 158. The provisions of the Act are to be liberally construed. G. L. 5831. But we cannot overlook the fact that the rights of employers as well as the rights of employees are safeguarded by its provisions, that the rights of both are designed to be protected by it, and that the provisions of the law, as written, must be given force.

[1, 2] It is a well-recognized rule of statutory construction that effect must be given to all the provisions of a statute. We should not give the act a construction that would nullify any of its provisions unless compelled to do so. To hold that an injured employee may disregard the statute requiring him to make claim for compensation, and still find the courts open to him, would nullify the purpose and language of the act.

The purpose of requiring a claim for compensation is to notify the employer that he will be held chargeable for the injuries, and give him an opportunity to inquire into the nature and extent of such injuries through the aid of a physician or surgeon (G. L. 5759); and to otherwise investigate the claim when the matter is fresh in the minds of those who saw or knew of the accident. This purpose cannot be accomplished unless the requirements respecting the claim for compensation is enforced. This requirement is a just and reasonable one, and we are satisfied that unless an injured employee complies with it, or noncompliance is excused by voluntary payments of compensation, the commissioner is without jurisdiction in the matter.

[3]   The claimant insists, however, that the defendants waived the making of a claim for compensation by offers of settlement made during the six months following the accident, by the payment of part or all of claimant's medical expenses for the first fourteen days of disability, and by an admission made by a representative of the defendant insurance company, November 9, 1917, to the effect that the insurance company was liable for compensation.   But, it not appearing that payments of compensation had been made voluntarily, the making of a claim for compensation was necessary to give the commissioner jurisdiction and could not be waived in any of the ways claimed.   Full performance of the conditions of the act being essential prerequisites to the jurisdiction of the commissioner, his authority, and the statutory limitations upon the exercise of it, cannot be enlarged, diminished, or destroyed by express consent, or waived by acts of estoppel.   *In re Levangie, supra; Bushnell* v. *Industrial Board, supra; Miner's Executrix* v. *Shanasy et al.,* 92 Vt. 110, 102 Atl. 480; *Sanders* v. *Pierce,* 68 Vt. 468, 35 Atl. 377; *Mead* v. *Town of Moretown,* 72 Vt. 323, 47 Atl. 1072.   In *Storrs* v. *Industrial Commission,* 285 Ill. 595, 121 N. E. 267, it is held, however, that failure to make claim for compensation is waived unless the question is raised before the arbitrator or, at latest, before the industrial commission.   This appears to be in conflict with *Bushnell* v. *Industrial Board,* but be that as it may, all of the cases from Illinois hold that the failure to make claim for compensation is fatal if the question is seasonably raised.   The record shows that in the instant case this question was raised before the commissioner, the first place where it could be raised.

[4]   It is not necessary, as we have seen, to make claim for compensation in cases where payments of compensation have been made voluntarily.   All that the record shows concerning payments of any character is that the insurance company paid all or part of the claimant's medical expenses during the first fourteen days of his disability.   The amount so paid does not appear.   The defendants were required by statute to pay such expenses, not to exceed one hundred dollars.   G. L. 5784.   Moreover, such payments are not compensation in the sense in which the term is used in this act.   The payments shown did not, therefore, constitute "payments of compensation * * * made voluntarily."   Nor does the finding of the commissioner that the in-

surance company waived the making of a claim affect the rights of the parties, in view of what we hold concerning waiver.

[5] Counsel for the claimant calls attention to the provisions of G. L. 5799, relative to the effect of faulty or delayed notice of injury in certain circumstances, and suggests that these provisions dispense with the necessity of a claim for compensation in like circumstances.

It is manifest from a careful reading of the statute that there is no ground for this position. While the notice of injury and the claim for compensation may be combined (G. L. 5797), they are in effect separate and distinct documents, intended to serve different and independent purposes; and the provisions of G. L. 5799 apply only to the notice of injury.

It not appearing that claim for compensation was made, or that payments of compensation were made voluntarily, the commissioner was without jurisdiction, and should have dismissed the proceedings. *Bessette* v. *Goddard*, 87 Vt. 77, 88 Atl. 1. This disposes of all questions raised by the record.

*Order vacated, award set aside, and claim dismissed with costs. Let the judgment be certified to the Commissioner of Industries.*