(No. 13876.—Judgment reversed; award set aside.)

THE RIDGE COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN SHADOWENS, Defendant in Error.)

*Opinion filed June 22, 1921.*

1. WORKMEN'S COMPENSATION—*notice of accident is essential to jurisdiction of Industrial Commission.* Under section 24 of the Compensation act notice of the accident must be given to the employer within thirty days, and this notice is essential to the jurisdiction of the Industrial Commission.

2. SAME—*when finding that notice was not given cannot be regarded as a clerical error.* A finding by the arbitrator that notice was *not* given to the employer, as required by section 24 of the Compensation act, cannot be regarded by the Supreme Court as a clerical error, although there was an award of compensation, where the evidence is conflicting as to notice, as the record is presumed to speak the truth in such case and the Supreme Court is not authorized to disregard the finding as to the fact.

3. SAME—*when an objection that notice was not given is not waived.* Where the record in the Supreme Court in a compensation case recites that notice of the accident was not given to the employer, the objection that notice was not given is not waived where the employer, in the *certiorari* proceeding in the circuit court, assigned no reasons for quashing the record and the employee assigned no reasons in support of his motion to quash the writ of *certiorari,* as in such case either party has the right to rely upon anything shown by the record in support of his position, and in the absence of any showing in the record no waiver of the objection can be presumed. (*Bushnell* v. *Industrial Board,* 276 Ill. 262, followed.)

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

T. W. QUINLAN, and DENISON & SPILLER, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error was allowed to review a judgment of the circuit court of Williamson county affirming an award made to John Shadowens under the Workmen's Compensation act against the Ridge Coal Company. The arbitrator found that the parties were operating under the act; that the employee sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was not given to the employer but demand for compensation was made within the time required by the act; that the injured employee is entitled to receive $15 a week for twelve and five-sevenths weeks' temporary total incapacity and $15 a week for fifty weeks under paragraph (*e*) of section 8 for one-third permanent loss of left hand. The award was reviewed by the Industrial Commission, which sustained the findings and award of the arbitrator and ordered them to stand as the decision of the commission.

Section 24 of the act provides that no proceedings shall be maintained unless notice of the accident has been given to the employer within thirty days.   This notice is essential to the jurisdiction of the commission.   (*Bushnell* v. *Industrial Board*, 276 Ill. 262;  *Barrett Co.* v. *Industrial Com.* 288 id. 39;  *Ohio Oil Co.* v. *Industrial Com.* 293 id. 461.) Counsel for the defendant in error expressly concede that compensation cannot be awarded if no notice of the injury was given, and meet the situation by the statement that the word "not" in the finding of the arbitrator is a clerical error.   They sustain their position not by showing that there actually was a clerical error but by the argument that the award without the notice would have been erroneous;  the arbitrator must therefore have found that there was notice, and the record of his finding that there was not must be regarded as a clerical error.   Where there is any controversy in the evidence on the point in question the record cannot be so disregarded.   It is presumed to speak the truth as to the finding and action of the tribunal whose record it is, and a reviewing court must act upon the record as certified to it.   The case of *Centralia Coal Co.* v. *Industrial Com.* 294 Ill. 325, is an illustration of a clerical error which a reviewing court may take notice of and correct, where all the evidence, without dispute, showed an injury to the left leg but the commission found that as a result of the accident the applicant had sustained a partial permanent loss of the use of the right leg.   In *Slago Coal Co.* v. *Industrial Com.* 293 Ill. 271, the judgment was modified, not because of a clerical error but because there was no evidence as to the item stricken out of the award.   In the present case the evidence is conflicting as to the notice, and we are not authorized to disregard the finding of the commission as to the fact.   To do so would simply be passing upon the weight of the evidence.

The defendant in error insists that the abstract does not present all the evidence on the question of notice, and his

counsel state that no record is available for comparison or correction but enough of the evidence is remembered for them to know that the abstract is not full, and they invite the attention of the court to the record for further details. The abstract shows that there was evidence at least fairly tending to show that the notice was not given, and the further details which counsel ask us to look for in the record could do no more than raise a question of fact, which we have frequently held it is not our province to consider.

The defendant in error states that the plaintiff in error has made the objection for the first time in this court that the arbitrator found that notice was not given. The record shows that the defendant in error moved to quash the writ of *certiorari*. If the notice was not given that fact was an answer to the motion, for it would show a want of jurisdiction in the commission. The motion of the defendant in error did not set out the reasons for quashing the writ and the plaintiff in error did not set out its reasons for quashing the record. Either party had, therefore, the right to rely upon anything shown by the record in support of his position, and in the absence of some showing in the record no waiver of this right by the plaintiff in error or failure to present any answer shown by the record to the motion of the defendant in error can be presumed. (*Wallner* v. *Chicago Consolidated Traction Co.* 245 Ill. 148.) In *Bushnell* v. *Industrial Board, supra,* it was held that the making of a claim for compensation within six months is jurisdictional and a condition precedent to the right to maintain the proceeding, which is not waived by a failure to make the objection on the hearing before the arbitrator, the Industrial Board or the circuit court.

The judgment of the circuit court will be reversed and the award set aside.

*Judgment reversed and award set aside.*