(No. 2325— ▮▮▮▮▮▮

H. CLAY DUKE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1934.*

GARIEPY & GARIEPY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Claimant filed his complaint herein on February 14, 1934, and seeks to recover compensation for injuries which he claims to have sustained on October 17, 1932, while in the employ of the respondent,—as the result of which said injuries he lost the hearing of his right ear.

The Attorney General has entered a motion to dismiss the case for the reason that claim for compensation was not made within six months after the accident, and application for compensation was not filed within one year after the date of the injury, or within one year after the last payment of compensation, as required by Section Twenty-four (24) of the Compensation Act.

The question here involved was considered by this court in the case of *Crabtree* vs. *State*, 7 C. C. R. 207, and we there held that the jurisdiction of this court with reference to claims for compensation for accidental injuries or death suffered in the course of employment by any employee of the State, is the same as that possessed by the Industrial Commission in claims of other persons whose rights must be determined by the Compensation Act; and, further, that the provisions of Section twenty-four (24) of the Compensation Act apply with equal force to the State and to other employers named in the Act, and also apply with equal force to the employees of the State and to other employees named in the Act.

The Supreme Court has held in numerous cases that the making of claim for compensation and the filing of application for compensation within the time required by the Statute, are jurisdictional, and are conditions precedent to the right to maintain a proceeding under the Compensation Act. *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386; *Chicago Board of Underwriters* vs. *Ind. Com.*, 332 Ill. 511; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43; *Bushnell* vs. *Ind. Com.*, 276 Ill. 262.

There is nothing in the record to show that claim for compensation was made, or application for compensation was filed, within the time required by Section twenty-four (24) of

the Compensation Act, and this court is therefore without jurisdiction to proceed with the hearing.

The motion of the Attorney General must therefore be sustained and the case. dismissed. Case dismissed.