Ramón Montaner, Manager of State Insurance Fund, Appellant, *v.* Industrial Commission of Puerto Rico, etc., Respondent. Gertrudis Cruz et al., Petitioners before Industrial Commission *in re.* Doroteo Rosado.

No. 182. Argued January 8, 1940.—Decided March 11, 1940.

George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General, and Víctor J. Vidal González and G. Atiles Moreu, Attorneys for State Fund, for appellant. M. León Parra for respondent. Virgilio Brunet and Miguel A. Casiano for beneficiary.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The manager of the State Fund seeks the reversal of a decision by the Industrial Commission. He submits that the commission erred:

In holding that the manager's contention as to the workman's failure to report the accident within the time fixed by law came too late—since the question clearly appeared from the manager's decision, and was the subject of full proof before the Commission.

In not considering that question—assuming, for the sake of argument that it was raised for the first time in a motion for reconsideration—since the question was jurisdictional, could not be waived by the manager, and might be raised at any time.

In holding that, in the case of death by accident, a great-grandchild is entitled to compensation, if he was dependent on the earnings of the great-grandfather.

██ The manager, in disposing of the case, said that from the investigation it appeared that the accident which had occurred February 10, had not been reported until February 17, when the workman explained to a physician that he had not reported the accident because he had attached no importance to the wound. The physician described the injury as a superficial incisive wound about three-fourths of an inch in length. When the physician was called, he found the patient suffering from tetanus.

The manager based his decision on the want of sufficient evidence: to show that the wound had been received in the course of, and in consequence of, the employment; or to establish a dependency protected by the law.

At the trial before the Industrial Commission there was some evidence from which the commission might or might not have found, if the question had been raised, that more than five days had elapsed before the accident was reported.

There was also some evidence from which the Commission might have found that the workman's reason for his failure to report the accident was sufficient, if any such question had been raised. At the threshold of the trial, counsel for the respective parties outlined the scope and extent of the issues involved as indicated by the following incident:

"Attorney Casiano: Bernardo Rivera. In this case there are now two issues, two questions in controversy. As the State Fund admitted by its resolution that the workman died of tetanus caused by an injury on the left knee-pan, but denied compensation because it was not proved that there was an accident, there are two facts to be proved: whether there was an accident in the course of employment, as it was accepted that the tetanus was caused by an injury. . .

"The Chairman: That is, whether the injury was the result of an accident in the course of employment.

"Attorney Casiano: And whether there are beneficiaries. Those are the two issues.

"The Chairman: Let us proceed. What does the State Fund say?

"Attorney Atiles: Yes, these are the issues: whether the accident occurred in the course of employment, and whether there are legal dependents."

The trial was concluded June 20, 1939. The parties were allowed ten days in which to file their briefs. The case was decided August 18th. In the meanwhile, the case of *Torres* v. *Industrial Commission,* 55 P.R.R. 425 was decided by this court July 29th. A motion for reconsideration was filed before the Industrial Commission August 25th. In this motion, counsel for the State Fund presented for the first time before the commission the question as to the injured workman's failure to report the accident within the statutory five days.

Petitioner cites:

*Spring Canyon Coal Co.* v. *Industrial Commission,* 201 Pac. 178; *Walsh* v. *Waldron & Sons,* (Conn.) 153 Atl. 300; *Meade Fiber Corp.* v. *Starnes,* 247 S. W. 989; *Patten Hotel Co.* v. *Milner,* 238 S. W. 75; *New Amsterdam Casualty Co.*

v. *Industrial Accident Commission,* 225 Pac. 460; *Bushnell* v. *Industrial Board et al.,* (Ill.) 114 N. E. 497; *Ohio Oil Co.* v. *Industrial Commission,* (Ill.) 127 N. E. 745; *Barrett Co.* v. *Industrial Commission et al.,* (Ill.) 123 N. E. 29; *Bloomfield* v. *November,* (N. Y.) 114 N. E. 805; *Torres* v. *Industrial Commission, supra.*

Petitioner quotes from the opinions in these cases but does not quote the statutory provisions involved. As far as we have been able to ascertain, those statutory provisions were different from our own.

The Connecticut statute is quoted in *Simmons* v. *Holcomb,* (Conn. 1923) 120 Atl. 510, as follows:

"Sec. 5360. *Claims for Compensation.*—No proceedings for compensation under the provisions of this chapter shall be maintained ·unless a written notice of claim for compensation is made within one year from the date of the injury; . . . but where there has been a hearing or a written request for a hearing or an assignment for hearing within one year from the date of the injury, or where a voluntary agreement has been submitted within said period of one year, no want of such notice of claim shall be a bar to the maintenance of proceedings and in no case shall any defect or inaccuracy of such notice of claim be a bar to the maintenance of proceedings unless the employer shall show that he was ignorant of the injury and was prejudiced thereby."

Section 22 of the Tennessee Workmen's Compensation Act (Chapter 123 of the Acts of 1919) may be found in *Black Diamond Collieries* v. *Seal,* (Tenn. 1921) 234 S. W. 322. It reads:

"Sec. 22. Be it further enacted, that every injured employee or his representative shall, immediately upon the occurrence of an injury or as soon thereafter as is reasonable or practicable, give or cause to be given to the employer written notice of the injury, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the provisions of this act from the date of the accident to the giving of such notice, unless it can be shown that the employer had actual knowledge of the accident; and no compensation shall be payable under the provisions

of this act unless such written notice is given the employer within thirty days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.''

Section 11 of the California Workmen's Compensation Insurance and Safety Act of 1917, follows:

''Sec. 11(a).—Unless compensation is paid or an agreement for its payment made within the time limited in this section for the institution of proceedings for its collection, the right to institute such proceedings shall be barred; provided, that the filing of an application with the commission for any portion of the benefits prescribed by this act shall render this section inoperative as to all further claims of any person or persons for compensation arising from the same transaction, and the right to present such further claims shall be governed by the provisions of section twenty (d) and section sixty-five (b) of this act.

''(b) The periods within which proceedings for the collection of compensation may be commenced are as follows:

''(1) Proceedings for the collection of the benefit provided by subsection (a) of section nine or for the collection of the disability payment provided by subsection (b) of said section nine must be commenced within six months from the date of the injury, except as otherwise provided in this act.''

Section 24 of the Illinois Workmen's Compensation Act of 1913 (*Bushnell* v. *Industrial Board,* 114 N.E. 497) reads:

''No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made within six months after such payments have ceased.''

This court did not hold in the *Torres* case, *supra,* that the failure to report an accident within five days deprives the Industrial Commission of all power to act upon a claim for compensation notwithstanding a waiver of the statutory requirement by the manager of the State Fund. No such question was involved in that case.

The opinion takes from a Michigan case (*Ames* v. *Lake Independence Lumber Co.*, 226 Mich. 83, 90, 197 N. W. 499, 502) the following extracts: (Italics ours.)

". . . This is a special statutory proceeding. The condition that the party sought to be charged must be given or have notice or knowledge of the accident within the limitation provided, is a *substantial, statutory right* which *when claimed* may not be ignored, either by a commission or court."

As subsequently pointed out in the *Torres* case: (Italics ours.)

"In some jurisdictions in which the laws has a provision similar to ours, the failure of the workman to report to the doctor for examination within five days deprives him of the right to compensation and to start any proceedings to claim such compensation. It has been decided that an Industrial Commission has no jurisdiction to sit upon a case when it has not been shown that the insurer was notified within the term prescribed by the statute.

" 'Under Workmen's Compensation Commission Act, sec. 24, providing that *no proceedings shall be maintained under that act unless notice of the accident is given* the employer within 30 days, notice is essential to the jurisdiction of the Industrial Commission.' *Ridge Coal v. Ind. Com.* 131 N. E. 637; 298 Ill. 532.

"In Michigan it has been held that failure to notify the insurer within the statutory limit of an accident from which the workman died some time later so that the first notice that the insurer had of the accident was after the death, was a bar to recovery of compensation. The case was one where a workman in a lumber camp stopped working and went home complaining of fever. It later developed that he was suffering from typhoid fever from which he died some time later. After he died, his heirs claimed, and proved that the typhoid had been acquired from drinking water in the lumber camp. The court held that failure to notify the insurer within the statutory limit had deprived him of his right to have the workman examined and his treatment supervised by the insurer's physician and to investigate within reasonable time whether the supposed accident had really happened during the course of employment.

"Failure to notify the employer that the employee was afflicted with typhoid fever or that his death was caused thereby, within three

months after the happening thereof, as required by law, is a bar to recovery of compensation for employee's death.' *Johnson* v. *Bergland Lumber Co.* 203 N. W. 840, 231 Mich. 34.''

This court in the *Torres* case then said:

''We think, as the Commission did, that if it is decided that claims may be established for the death of the workman resulting from injury of which the Fund never had notice or of which it had notice after the statutory limit, the Fund would not have a fair chance to investigate the facts of the case, and that the Fund has a statutory right to be notified of the accident within five days, either by the employer's report of the accident or by the employee's appearance before the Fund's doctor.''

This, of course, must be construed in the light of the question and of the facts before the court in the *Torres* case. So construed, it does not mean that the statutory right referred to may not be waived by the manager of the State Fund. Section 15 of the Michigan Act may be found in *Ames* v. *Lake Independence Lumber Co., supra.* It reads:

''Sec. 15.—No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same.''

It may be conceded that section 15 of the Michigan Act and section 24 of the Illinois Act are somewhat similar to section 5 of the Puerto Rico Act as far as the question before this court in the *Torres* case was concerned. As to the question now under consideration there is an important difference between section 5 of our own act (Laws of Puerto Rico 1935, 250, 274) and more or less similar sections construed in the cases cited by this court in *Torres* v. *Industrial Commission* and by appellant in the instant case.

Section 13 makes it the duty of every employer within five days after an accident occurs to file a written report with the manager of the Fund. It further provides that:

"Employers refusing or neglecting to make the reports required by this section shall be punished by the municipal court of the residence of the employer, by a fine which shall not exceed one hundred (100) dollars."

Section 5 makes it the duty of the injured workman during the period of disability to submit to treatment and examination, at reasonable times and places, "by a competent physician designated by the manager; Provided, That if the manager does not provide the workman or employee with adequate attendance, the said workman or employee may appeal to the Industrial Commission which, after an investigation by a physician designated for the purpose, shall order such attendance as may be proper in the case, and the manager shall comply with the order of the commission." Paragraph 4 of that section reads as follows: (Italics ours.)

"The refusal or objection of a workman or employee, without just cause, to submit to the medical examination or professional treatment provided by the Manager shall deprive him of his right to receive compensation under this Act or to institute or prosecute proceedings hereunder to recover such compensation; *Provided,* That should the workman or employee fail to present himself to the physician for professional treatment within a period of not more than five (5) days after the accident occurs, and *fails to explain his delay satisfactorily to the Manager,* the said Manager *may deprive him of his right to receive any compensation,* but under no circumstances can the workman or employee be denied such medical attendance as, in the judgment of the Manager, may be deemed necessary in endeavoring to bring about his complete recovery; *And provided, further,* That in order to appreciate and verify the disability affecting a workman or employee, the Manager may compel the personal appearance of the injured person at the expense of the State Fund."

In the instant case there was no "refusal or objection" on the part of the injured workman, without just cause or otherwise, "to submit to the medical examination or professional treatment provided by the manager." Hence, he cannot be deprived of his right to compensation upon the theory of any such "refusal or objection."

■ The failure of the injured workman to present himself for examination within five days after the accident or to explain the delay, is not an absolute bar to recovery. Manifestly, it is a matter within the sound discretion of the manager to be exercised in accordance with the circumstances of a particular case.

■ The manager did not attempt to deprive the workman of his right to receive compensation, either because of his failure to present himself to the physician for professional treatment within five days after the accident or because of any failure "to explain his delay". The manager was apparently entirely satisfied with the obvious explanation afforded by the undisputed facts disclosed by his investigation. Presumably for the same reason he raised no such question during the course of the proceeding before the Industrial Commission until after its decision had been rendered and after the decision of this court in the *Torres* case. It was optional with the manager whether he should exercise his statutory right to deprive the injured workman of his right to compensation or to deprive his beneficiaries of their right to compensation. The manager waived that right by his failure to exercise the same, either at the time of his own decision or during the course of the hearing before the Commission.

The wording of our statute relieves us from the necessity of reviewing the reasoning of the Supreme Court of Utah in the first of the cases cited by appellant. *Spring Canyon Coal Co.* v. *Industrial Commission, supra.*

■ The Industrial Commission did not err in holding that the question as to the failure of the injured workman to report the accident within five days when presented for the first time in a motion for rehearing came too late. The second and third paragraphs of subdivision 5 of section 3 of the Act (Session Laws 1935, pp. 264, 266) read as follows:

"Should the workman or employee leave a widow, parents, legitimate or illegitimate children, postumous children, whether or not

natural or adoptive children, or grandchildren, any of whom were wholly or partly dependent for their support on the earnings of the deceased workman or employee at the time of his death, they shall receive a compensation of from one thousand (1,000) to three thousand (3,000) dollars, which shall be graduated according to the earning capacity of the deceased workman or employee and to his probabilities of life, in accordance with such rules as the Manager of the State Fund shall prepare, which rules shall have the force of law after they are approved by the Industrial Commission and by the Governor, and promulgated in accordance with law. Said compensation shall be distributed among the aforesaid relatives ac· cording to the condition, needs, and degree of relationship and dependence of each, as the Manager may decide in accordance with the facts.

''In default of the aforesaid persons, the foster father or mother, the foster children, or brothers and sisters under fifteen years of age, or those, whatever their age, judicially declared incapacitated by the proper court, who were wholly or partly dependent on the earnings of the deceased workman or employee shall receive a compensation of from one thousand (1,000) to two thousand (2,000) dollars as a maximum. Should the persons entitled to this compensation be several, it shall be distributed among them as the Manager may direct.''

█ The Industrial Commission found that the great-grandchild was also a foster child and dependent for its support on the earnings of its foster father at the time of his death. It follows that the foster child as such was entitled to compensation and the commission correctly so held. The error, if any, in holding that the foster child was also entitled to compensation as a great-grandchild, was harmless.

The decision of the Industrial Commission must be affirmed.