### THADDEUS CRANE v. ANDREW WARNER.

A plea in abatement, that H. F., by whom the writ was served, was not, at
  the time of making the service, duly authorized and qualified to serve the
  writ, is ill.
A stranger to the process cannot object that the execution was directed
  to an improper officer.
Held,—in a suit against an officer for not taking bail, the debtor having
  absconded—that the officer was liable for the full amount of the debt,
  there being no proof of the debtor's insolvency.

TRESPASS on the case against the defendant, as constable
of Jericho, for not taking bail on a writ of attachment in
favor of the plaintiff, who was a deputy sheriff within
and for the county of Chittenden, against Lewis Rood and
Orlin Rood, on a receipt for property attached by the plain-
tiff, as deputy sheriff, by virtue of a writ of attachment in
favor of the Bank of Burlington against William Carley and
others, and for falsely returning that he had taken good and
sufficient bail on said writ, in favor of plaintiff against said
Lewis and Orlin, which last mentioned writ was served upon
the said Lewis, and a *non est* return was made as to said
Orlin, and the suit was duly entered in court and a final
judgment obtained therein against the said Lewis.  The
writ, in the present suit, was directed to the high bailiff of
Chittenden county, his deputy, &c., and was served by H.
Ferris, high bailiff.

The defendent pleaded in abatement, that H. Ferris, by
' whom said writ was served, executed and returned, was
' not, at the time the said writ was served, a person duly
' authorized and qualified by law to serve the same, and this
' he is ready to verify,' &c.  To this plea the plaintiff de-
murred and the county court rendered judgment that the plea

was insufficient and that the defendant answer over, and the defendent excepted to the decision and judgment of the county court. The defendant then pleaded not guilty, and issue was joined to the court.

On the trial of this issue the plaintiff introduced the record of the judgment in his favor against the said Lewis. The only question raised, upon that record, related to the officer's return upon the writ, which return is as follows:—

'STATE OF VERMONT, Chittenden County, ss.
'Jericho, May 25, 1838.

'Then, by virtue of this writ, I arrested the body of the 'the within named Lewis Rood and read this writ in his 'hearing and took good and sufficient bail, and, on diligent 'search throughout my precinct, I could find neither goods, 'chattels nor estate, nor the body, of the within Orlin Rood, 'whereon to make service of this writ as herein required.

'Attest, ANDREW WARNER, Constable.'

There was no indorsement of the name of any person upon said writ as bail for Lewis Rood.

The plaintiff also introduced a writ of execution, issued on said judgment, dated April 1, 1839, directed to the high bailiff of Chittenden county, his deputy, or either constable of Jericho, which was put into the hands of the high bailiff of said county within thirty days from its date, and returned into the clerk's office, in its life, by said high bailiff, with his return thereon indorsed, that he could find neither the property nor body of the said Lewis Rood, whereof to levy said execution. It also appeared that the plaintiff, at the time of the service of the original writ in favor of the Bank of Burlington against William Carley and others, was, and had ever since been, a legal deputy sheriff, under Geo. A. Allen, sheriff of Chittenden county, and, as such deputy, served said last mentioned writ.

The plaintiff also introduced testimony tending to show that, shortly after the service of the writ in favor of plaintiff against said Lewis and Orlin, the said Lewis left this country for the west, and the witness had no knowledge that he had ever returned. The defendant offered testimony tending to prove that, in the fall of 1840, the said Lewis returned to Jericho, where he formerly resided, and remained there openly twelve or fifteen days, and then went back to the

west.   On this testimony, the defendant insisted that he was not liable in this action, or, if liable at all, only for nominal damages.   But the county court rendered a judgment for the plaintiff to recover the balance due on said judgment against Lewis Rood, a part having been paid.   The defendant excepted, also, to this decision.

*F. G. Hill*, for defendant.

1. The fact that Ferris, the high bailiff, was not a person duly authorized to serve the writ, in this suit, stood admitted by the demurrer to the plea in abatement, and therefore the suit should abate.   It was not necessary to plead this matter in abatement, even. *Kelly* v. *Parris*, 10 Vt. R. 261. Story's Pleading, 25.   The high bailiff has authority to serve all process for and against the sheriff.   Statute, Slade's compilation, p. 205.   This court has decided that the act of a deputy sheriff, taking a receipt for property, is a legal, but not an official act, and that the sheriff may adopt the act for his security and bring a suit upon such receipt in his own name. *Davis* v. *Miller*, 1 Vt. R. 9.   *Spencer* v. *Williams et. al.* 2 Vt. R. 209.   *Stanton* v. *Hodges*, 6 Vt. R. 64.   Hence it follows that if the sheriff has not adopted the act of the defendant, in this case, in taking Lewis and Orlin Rood's receipt for the property attached, and brought a suit in his own name, then he has no interest in, nor control over, the suit.

2. The execution, issued on the judgment against Lewis Rood, was improperly directed, and put into the hands of an officer who had no authority to serve it.

In order to charge bail, the execution should be delivered to an officer who can legally execute it, and the plaintiff is bound to use the same diligence to establish a claim upon an officer for not taking bail, that would be required of him to charge the bail.

*J. N. Pomeroy and Hyde & Peck*, argued for plaintiff, and cited *Fairfield* v. *Hall*, 8 Vt. R. 68.   *Johnson* v. *Edson*, 2 Aik. 302.   5 Mass. 271.   9 Id. 112.   *Davis* v. *Miller*, 1 Vt. R. 12.   *Spencer* v. *Williams, et al.* 2 Id. 209. 1 Term R. 164.   *Powell* v. *Hurd*, 2 Ld. Raymond, 1411. 1 Str. 610.   3 Camp. 523.   *Essex* v. *Prentiss*, 6 Vt. R. 47. 9 Vt. R. 349.   1 Vt. R. 433.

The opinion of the court was delivered by

BENNETT, J.—The defendant, in his plea in abatement, claims, that the writ and declaration ought to be abated; because he says, ' that H. Ferris, by whom the writ was served, ' was not at the time of service a person duly authorized and ' qualified by law to serve the same.' The plea does not make the return of the officer a part of it by reference to it, or otherwise; and there is no averment that Ferris served the writ as high bailiff. If it had been so alleged, the plea should have gone still further and have negated the fact that the sheriff of the county could have served it. The highest degree of certainty is required in framing pleas of this description, and the pleader must anticipate what in other pleadings should come from the other side by way of replication. No fact is alleged showing that Ferris might not have served this writ. The saying ' that he was not duly authorized and ' qualified by law to serve it,' is of no effect; it is but the opinion of the pleader upon a conclusion of law. In the precedent from Story, whence this plea is said, in the argument, to have been taken, it is expressly alleged that the person serving the writ was not at that time a deputy Coroner. The plea is clearly bad, and was properly overruled in the county court.

The execution against Rood, it seems, was directed to the high bailiff and by him returned *non est inventus*. As the defendant is sued for his neglect to take bail, it might well be inquired why it should be necessary for the creditor even to take out an execution, in a case where the facts show that it could be of no possible avail. But it has been done, and it is not for this defendant, who is a stranger to the process, to object that it was irregularly and improperly directed to, and executed by the high bailiff. If however the question were open, I think the facts show that the direction was proper.

It appears, *prima facie*, that the creditor lost his whole debt through the neglect of the defendant, and as there is no showing to the contrary by any evidence, tending to prove the insolvency of the debtor, the rule of damages adopted by the county court was clearly correct.

Judgment affirmed.