JOHN B. NIXON *v.* EDWARD J. PHELPS, *surviving partner of* BARBER & PHELPS.

*Exceptions, when to be filed, &c.    Attorney.    New trial.*

If exceptions taken in the county court are not filed in the clerk's office within thirty days from the rising of the court, as required by sec. 44 of ch. 28 of the Compiled Statutes, they cannot be entertained or considered in the supreme court.

If they are not actually filed within the thirty days, and this is not owing to any fraud, misconduct or agreement of the opposite party respecting it, they cannot be thereafter filed, *nunc pro tunc,* as of a date within the thirty days. And if so filed by the clerk under the direction of the county court, he will, upon mandamus, be required to correct it and make his filing correspond with the true time.

If, in a suit in the county court, a declaration on book is filed in offset upon which there is a judgment for the amount reported, to which exceptions are taken which are duly and seasonably filed, such exceptions may be carried to and heard in the supreme court after a final judgment in the original action, but they will not uphold exceptions taken upon the trial of the original action which were not seasonably filed.

An attorney cannot recover for his services which, on account of his omission or mistake, were of no avail to his client.

A new trial cannot be granted on account of errors of law in the county court. Such errors can only be corrected upon exceptions or a writ of error.

ASSUMPSIT. The action was originally brought against Edward D. Barber and the defendant Phelps as partners, as attorneys, under the name of Barber & Phelps, for their neglect as attorneys in the care and management of certain business in which the plaintiff had employed them. The defendants plead the general issue and filed a declaration on book account in offset, upon which auditors were appointed who reported eighteen dollars and forty-nine cents due to the defendants, and the further sum of two hundred and four dollars and seventy-six cents, subject to the opinion of the court upon the following facts :

On the 3d of July, 1844, the defendants as attorneys commenced two suits in favor of the plaintiff against one Artemas Nixon, Jr., of Middlebury, upon certain notes he held against said Artemas, which the defendants supposed were *bona fide.* Said suits were made returnable to the Addison county court, at its December Term, 1844, and were put into the hands of Harry Goodrich, then constable of Middlebury, who attached thereon a small stock of goods owned by said Artemas Nixon, Jr. The writs were duly

returned and entered in the county court, and a judgment rendered by default, upon one for the sum of one hundred and thirty-one dollars and eight cents damages and twelve dollars and seventy-seven cents costs, and upon the other, for the sum of six hundred and thirty-one dollars and thirteen cents damages and twelve dollars and seventy-seven cents costs. Soon after the attachment so made by said Goodrich upon said writs, and prior to their entry in the county court, Bates & Sage, who were creditors of Artemas Nixon, Jr., commenced a suit in their favor against him returnable to the same term of said court, and put their writ into the hands of David S. Church, then a deputy sheriff of said county, who attached the same property taken by said Goodrich, and forcibly removed it out of his possession, the said Bates & Sage so directing, and claiming that the said debts to and attachments made by John B. Nixon were fraudulent and void, as against the creditors of the said Artemas Nixon, Jr. Immediately thereafter all of said property was, upon the application of said Bates & Sage, under and in pursuance of the statute, duly appraised, advertised and sold by said Church for five hundred and forty-four dollars and fifty-five cents, that being its full value, but not enough to satisfy and pay the debt of said Bates & Sage. Their writ was duly entered in court, and a judgment obtained in their favor at the December Term, 1844, for an amount exceeding the value of said property, and execution was duly issued, the property attached charged, and its avails duly applied in part satisfaction of it. Immediately after the attachment by sheriff Church, the defendants, as the attorneys of the plaintiff, and by his direction, commenced an action in trespass in favor of said Goodrich, the first attaching officer, against said Church, the second attaching officer, for so attaching said property and removing it from his custody and possession, and the charges in the defendant's account amounting, with interest, to the above named sum of two hundred and four dollars and seventy-six cents, accrued in the prosecution of said suit, *Goodrich* v. *Church.* Bates & Sage made preparation to defend said suit upon the ground that the debt of the plaintiff against Artemas was fraudulent as to the creditors of said Artemas, but this defense was not gone into on trial on account of

the said Goodrich's claim being limited to nominal damages only as hereafter stated.

The defendants did not, within thirty days after the rendition of the judgment in favor of the plaintiff against Artemas Nixon, Jr., take out execution, in consequence of which the lien on the property attached by Goodrich on the plaintiff's writs was lost, and the avails of and property having been applied by said Church upon the judgment and execution of Bates & Sage on their account was not allowed upon the trial of his suit against Church to recover anything more than nominal damages and costs, and this decision of the county court was afterwards affirmed by the supreme court. The defendants supposed and believed that it was unnecessary to take out said execution, thinking it useless for any purpose, the property attached having been disposed of and sold before they obtained judgment in said suits, or were entitled to executions thereon.

The notes upon which said judgments were rendered in favor of the plaintiff against Artemas Nixon, Jr., were, with the exception of that upon which judgment was rendered for one hundred and thirty-one dollars and eight cents damages, executed upon a consideration and for a purpose that rendered them unavailing and void as against the creditors of Artemas Nixon, Jr.

Upon this report the county court at the December Term, 1854, — PIERPOINT, J., presiding,— rendered judgment that the defendants were entitled to both sums reported by the auditors; to which decision and judgment the plaintiff excepted.

The original action was tried upon the plea of the general issue, and a plea in offset of the amount so recovered by the defendants under their declaration on book at the June Term, 1855,— PIERPOINT, J., presiding,— which resulted in a verdict for the defendants for the amount recovered by them under their said declaration on book. Upon this trial exceptions were taken to the charge, and to various rulings of the court, but as they were not considered in the supreme court, a statement of them is omitted. The exceptions taken upon the final trial were not returned to the clerk by the presiding judge who allowed them until the 25th of July, 1855, which was more than thirty days after the rising of

the court, but by his direction the clerk filed them as returned upon the 15th of July, which was within the thirty days; and subsequently, at the suggestion of the defendants that his filing was not according to the fact, he entered 25 above the 15, so that the date of the filing read, " July $\frac{25}{15}$, 1855." The cause was entered in the supreme court at the January Term, 1856, at which term such proceedings were had as are reported in the twenty-seventh volume of the Vermont Reports, 783, and the cause was continued to the present term, during which vacation the defendant Barber deceased. At the present term the plaintiff petitioned for a new trial, and in his petition he set forth all the proceedings and matters which were stated in the bill of exceptions, and concluded as follows : " And the petitioner further represents that the decisions of the county court aforesaid and the charge aforesaid are contrary to law, and therefore prays that a new trial may be granted him in the premises according to the forms and usages of law." No other cause for a new trial was assigned than that mentioned in the concluding clause as above recited.

In reference to the filing of the exceptions the affidavit of Judge Pierpoint was read, in which he stated respecting the trial &c., and that a draft of the bill of exceptions was handed to him, and that certain objections to the form in which they were drawn were handed to him by the defendant Phelps before the final adjournment of the court, which he had not time then to examine, and that he told the counsel he would take the papers and allow the exceptions and send them to the clerk. The affidavit then proceeded as follows : " I took the papers home with me and placed them in a situation that they could not escape my notice on my return from Bennington county court, but during my absence they were removed and were not discovered by me until the thirty days from the rising of the court had expired. I then made a new draft of the exceptions in accordance with Mr. Phelps' objections, and allowed the same, and handed them to the clerk, and told him that as there was a previous bill of exceptions allowed and filed that stayed the execution and would carry the case to the supreme court, this bill might be filed agreeably to the old practice *nunc pro tunc*, and requested him so to file it, which he did.

"At the June Term (1856) of Addison county court, the subject was brought to the consideration of the court, and upon a statement of the facts substantially as set forth above, the court directed the entry of the filing the exceptions to stand as the clerk was requested by me to make it."

At the present term an agreement was entered into by the counsel for the respective parties that a hearing might be had in reference to the filing of the exceptions the same as though a petition for a mandamus had been regularly brought and was pending in reference thereto, and that hearing, and also that upon the exceptions to the book account claim, and upon the petition for a new trial were had at the same time.

*P. C. Tucker* and *Underwood & French*, for the plaintiff.

*E. J. Phelps* and *C. Linsley*, for the defendant.

The opinion of the court was delivered, at the circuit session in June, by

REDFIELD, CH. J. We shall first consider the exceptions taken upon the jury trial. It is claimed these were not filed with the clerk in season to come into this court upon motion, by way of transfer merely. The exceptions were not, in fact, lodged with the clerk until more than thirty days after the rising of the court, but the clerk was directed to file them as of a date within the thirty days, which he did at first. But subsequently, at the suggestion of counsel that such entry was false and injurious to his client, the clerk made a kind of double entry of the date, thus, $\frac{25}{15}$, one date being within and one without the thirty days.

It is agreed the case should now be heard the same as if a formal application for mandamus were before us, and all such corrections had been made as the court upon the state of facts would require to be made. And it seems to us that if the exceptions were to be regarded as showing a filing within the thirty days the court would entertain them, unless some proceedings were taken to alter that entry. But in the present case, such proceedings being regarded as now pending, we are to say what the facts

shown will justify. And it seems to us very obvious that as the entry is not according to fact, and is upon a point vital to the validity of the exceptions in this form of hearing, the court should require the entry to be made according to the fact. By this we are not to be understood as holding that in all cases of such entries *nunc pro tunc*, we should require the entry to be made strictly according to fact. That mode of making entries to preserve the rights of parties is of immemorial use in courts of record, and one we do not by any means intend to discountenance.

But we think it has no just application to a case like the present. Here the statute is explicit that the exceptions, when not filed with the clerk within the thirty days, shall be erased from the docket and the case stand as if no exceptions had been filed, so far as hearing upon the exceptions is concerned. And we held in *Small* v. *Haskins*, at the regular term in this county (*ante* p. 187), that unless so filed the case cannot be heard in this court upon the exceptions.

Now, to allow the statute to be irretrievably evaded by a mere entry of the clerk of a date anterior to the true time of the actual filing would certainly be a most remarkable evasion of the statute to receive the sanction of the court of last resort in the matter. We think such an opinion is not to be entertained in a case like the present. Here was no fraud of the opposite party which led to the failure to file the exceptions in time. It was at most a mere accident, which cannot be remedied in this mode. If the party had agreed that the entry should be so made, or possibly if his conduct or misconduct had led to the delay, and this mode of curing the defect had been resorted to, very likely the court might not compel the correction. But the case is clear of all such apology for the false entry. And we think reason and policy both require that the clerk, or the court should be directed to make the true entry, which will show the filing of the exceptions after the expiration of the thirty days. In this view of the case, *Small* v. *Haskins*, decided at the regular term in this county, is an express authority for dismissing these exceptions, and they are accordingly dismissed from the docket of this court.

In regard to the judgment on the report of auditors, it was no doubt quite proper that the county court should render final judg-

ment for the ultimate balance, but their decision is revisable so far as the exceptions to the report is concerned. But we do not think these exceptions will uphold a distinct bill of exceptions upon another branch of the case. This is totally different from the practice which has obtained of allowing the judge to revise and correct the exceptions. Here the exceptions allowed upon the report did not order a stay of execution, and had no connection whatever with the other bill of exceptions. In that respect they were as distinct as two different causes.

In regard to the report of the auditors it seems to us the defendants ought not to be allowed to charge for services which through an omission of, or mistake of theirs become of no avail to their client. And although it was shown, as stated in argument, that if this mistake had not occurred the plaintiff could not still have enforced his judgment in the mode attempted, yet he would at least have been in a position to try the case, which he might certainly regard as an important advantage. We think therefore that the recovery should be restricted to the smallest sum reported.

We do not intend to intimate here, by any means, that we think the defendants liable beyond the loss of their fees. The cases read at the bar would seem to indicate that in a doubtful matter of law the attorney is not liable to his client for damages arising from mere misjudgment. And from the testimony in this case the court are possibly bound to consider that this question was doubtful, or was so considered in some parts of the state, which seems somewhat unaccountable to me. That rule in England has obtained, in cases of decisions, different ways by different courts of concurrent jurisdiction, and whether the rule will apply to a jurisdiction like our own it is not necessary to here consider. But the *dicta* referred to in our own reports, (2 Aik. 299 ; 12 Vt. 599 ; 14 Vt. 40,) and the case in Connecticut, (*Burrows* v. *Stoddard*, 3 Conn. 455,) do not seem to have any proper bearing upon that question. They have reference to *demands* either upon *tort feasors* or bailees and not to *delivering the execution to an officer to charge the property*, which has always been held, so far as I know or can learn, indispensable to entitle the officer to recover *for the benefit of the creditor.* If nothing is done *to charge the*

*property in the officer's hands,* he is released, and, being released, he cannot recover (of one who tortiously took the property from him) for the benefit of the creditor and not for the benefit of the debtor, if the property was taken on other debts of such debtor. Exceptions as to jury trial dismissed.

Judgment reversed on report, and judgment for the defendant for smallest sum reported.

The petition for new trial founded upon errors of law in the county court, it has often been held, cannot be entertained. The only proper mode to review such questions is to have them placed upon the record in such form as to come here for revision either upon the exceptions or writ of error.

Petition dismissed without costs.