GEORGE E. COLE *v.* FRANK N. WALSH ET AL.

October Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 9, 1923.

*Bill of Exceptions—Application for Extension of Time for Filing Must Be Made Within 30 Days From Rising of County Court—Construction of Statutes.*

1.  Under V. S. 1626 (as amended, now G. L. 2258), an excepting party has 30 days from the rising of the county court within which to file exceptions to its opinion, and by subsequent amendments (No. 70 of the Acts of 1906, and section 12 of No. 90 of the Acts of 1915) the court was given authority to fix another time for the filing of such exceptions, to expire either before or after such 30 day period, but such amendments did not affect the requirement that if exceptions were not filed within the time limit the clerk should erase the entry of exceptions from the docket.

2.  In construing statutes, when two or more words of analogous meaning are coupled together, they are understood to be used in their cognate sense, express the same relations, and give color and expression to each other.

3.  Where more than 30 days after the rising of county court, no extension of the time for filing exceptions having been procured from the court within that period, a party presented a skeleton bill of exceptions to the presiding judge and requested an extension of time and the fixing of a date for filing exceptions and subsequently made a similar request by petition to

the county court, the request and petition were properly denied, as the exceptions, not having been filed within the prescribed time limit, became a nullity by operation of statute, and no subsequent order or act of the court could give them force as a basis for reviewing the case.

4. In construing a statute the court must consider every part of it, and, if possible, effect must be given to every word, clause, and sentence.

ACTION OF TORT for malpractice. Plea, the general issue. Trial by jury at the March Term, 1923, Orleans County, *Fish*, J., presiding. Verdict for the plaintiff. Motion to set aside the verdict was filed, but defendant's attorney notified the court that he did not intend to appear thereon. Subsequently, the motion was overruled, judgment entered on the verdict, exceptions noted, but without notice to defendant's attorney, who did not learn thereof until more than 30 days after the rising of the court. Defendant then promptly presented a skeleton bill of exceptions to the presiding judge, requesting extension of time for filing exceptions, and the fixing of a date for filing of exceptions, and subsequently made a similar request by petition addressed to the county court. Hearing on petition was held before the presiding judge in chambers, in vacation after the March Term, 1923, Orleans County, and denied on the ground that the court was without authority to grant the request, the statutory time limit having expired. The opinion states the case. *Affirmed*.

*Warren R. Austin* for the defendant.

*W. W. Reirden* and *David E. Porter* for the plaintiff.

WATSON, C. J. This case was tried by jury at the March Term, 1923, of Orleans County Court. At the close of plaintiff's case, Walsh (hereinafter referred to as defendant) moved for a directed verdict, and, the motion being overruled, rested his case and stood on his motion, saving exception. Thereupon the case was submitted to the jury, resulting in a verdict against Walsh. Defendant filed a motion to set aside the verdict, his attorney informing the court that he did not expect to appear thereon. Some days later, on April 4, the motion was overruled,
17

judgment was entered on the verdict, and a certified execution granted without notice to defendant or his counsel. To these rulings exceptions were noted.

The March term took its final adjournment on April 6. Defendant did not learn of such adjournment until May 14. He forthwith caused a skeleton bill of exceptions to be submitted to the presiding judge, asking for an extension of time, and the fixing of a date for filing exceptions, in case the thirty days specified by statute had expired. And while the latter had the matter under advisement, defendant made a similar request by petition addressed to the county court. This petition was denied June 19, on hearing at chambers, by the presiding judge, on the ground that the court had not the authority or power to grant it, the thirty days succeeding the rising of the court having expired before the preferring of the petition. To this decision defendant excepted. We have considered the question thus attempted to be raised, without regard to the method of bringing it before us.

[1-3] The principal clause of the statute (V. S. 1626) before the amendatory Act, No. 70, Laws of 1906, general in its terms, required exceptions to the opinion of the county court on questions of law in a civil cause, to be signed by the presiding judge and filed with the clerk within thirty days after the rising of the court; and if they were not thus filed, it was, by the last clause of the section, made the duty of the clerk to erase the entry of exceptions made on the docket, and issue execution. As the statute then stood, its provisions as to signing and time of filing were always deemed mandatory and, unless complied with, the exceptions were dismissed as giving this Court no jurisdiction of the case. *Mead* v. *Moretown,* 72 Vt. 323, 47 Atl. 1072; *Gordon* v. *Mead,* 81 Vt. 36, 69 Atl. 134; *Hotel Vermont Co.* v. *Cosgriff,* 89 Vt. 173, 94 Atl. 496. The amendatory enactment introduced immediately after the said principal clause, a qualifying proviso, "that a date before the expiration of such thirty days may be fixed by the court for the filing of such exceptions and when such time is so fixed by the court then the time for filing such exceptions shall expire on the day so fixed, instead of at the end of thirty days from the rising of court as above provided." And made a corresponding change in the last clause.

By the proviso in this enactment the court was empowered, in its discretion, to fix an earlier date, but not a later one, than the expiration of thirty days from the rising of court, for filing exceptions. The statute so remained until 1915, when by section 12, No. 90, laws of that year, the proviso was amended by inserting immediately following the word "before," the words "or after," thereby making it read, as now, "Provided that a date before or after the expiration of such thirty days may be fixed by the court for the filing of such exceptions," etc. And the last clause of the section was amended to read: "If, in cases where the court has not otherwise directed, such exceptions are not filed within such thirty days, or within the time so fixed by the court, the clerk shall erase the entry of exceptions made on the docket, and issue execution, * * *"

There can be no doubt that, under the Act of 1906, a date before the expiration of the thirty days' limitation could be fixed by court only while the time of the limitation was still running. That the same thing is true in respect to a date after the expiration of such limitation, fixed by the court under the proviso in the Act of 1915, is clear from the fact that the coupling of the word "after" with the word "before," already there in use and relating to the same subject-matter, shows that they are to be used in the same sense. *In re Barre Water Co.,* 62 Vt. 27, 20 Atl. 109, 9 L. R. A. 195. Also applicable here is the common rule in construing statutes, that when two or more words of analogous meaning are coupled together, they are understood to be used in their cognate sense, express the same relations, and give color and expression to each other. *In re Stryker,* 158 N. Y. 526, 53 N. E. 525, 70 A. S. R. 489. A construction giving the court authority after the time expressly limited by statute had expired, to extend the time for filing exceptions, would be repugnant to the subsequent provision requiring the clerk, in case the court has not otherwise directed, if the exceptions are not filed within such limitation, to erase from the docket the entry of exceptions, and issue execution. When not filed within the time limited, the exceptions, at the end of such time, become a nullity by operation of the statute, and no subsequent order or act of the court can give them force as a basis for reviewing the case. *Nixon* v. *Phelps,* 29 Vt. 198; *Nelson* v. *Marshall,* 77 Vt. 44, 58 Atl. 793; *Hotel Vermont Co.* v. *Cosgriff, supra.*

[4] In construing a statute, the court must consider every part of it. *State* v. *Cent. Vt. Ry. Co.*, 81 Vt. 463, 71 Atl. 194, 130 A. S. R. 1065. And, if possible, effect must be given to every word, clause, and sentence. *State* v. *Rutland R. R. Co.*, 81 Vt. 508, 71 Atl. 197; *Petraska* v. *National Acme Co.*, 95 Vt. 76, 113 Atl. 536.

*The petition was properly denied.*