IN RE HELEN B. CORNELL.

January Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 5, 1941.

*Gibson & Gibson* and *A. Luke J. Crispe* for petitioner.

*Barber & Barber* for Frank E. Barber, guardian *ad litem.*

*Osmer C. Fitts* for Brattleboro Retreat.

SHERBURNE, J. On April 23, 1936, Helen B. Cornell was admitted to, and detained in, the Brattleboro Retreat upon a certificate that she was insane and dangerous made by two physicians. On November 21, 1940, while she was still detained,

Minnie M. Beard, as her next friend, filed a petition in the probate court for an appeal from the decision of the physicians certifying to her insanity, and therein prayed for a trial by jury under the provisions of P. L. 4038. This petition, among other things, shows that said Cornell was already at the Retreat when she was examined by the physicians, and was confined under their certificate immediately after it was signed, that no notice of such examination was given to her or to the petitioner, that the petitioner did not learn of such certificate until September 15, 1940, and that the said Cornell is not insane and dangerous. The petition was opposed by the state's attorney, who filed a motion to dismiss upon the grounds that the probate court was without jurisdiction because of laches on the part of said Cornell and the petitioner, and that the appeal was not taken within a reasonable time or within twenty-one days from the date of commitment. From the dismissal of her petition for an appeal the petitioner has appealed. The question for determination is whether the appeal to the probate court was seasonably taken.

As the right to an appeal is governed by statute, we will at the outset call attention to the applicable provisions of chapter 165 of the Public Laws.

Sec. 4034 provides that a person, except as otherwise provided, shall not be admitted to or detained in a hospital for the insane as a patient or inmate except upon the certificate of two physicians.

Sec. 4036 provides:

"Such certificate shall be made and sworn to not more than twenty days before the admission of the insane person to the hospital for the insane, unless a longer time is required to dispose of an appeal taken from the decision of the physicians as provided by law, and shall be in the hands of the proper officer of such hospital at the time such insane person is received therein."

Sec. 4037 provides:

"Such certificate of the physicians shall be given only after a careful examination of the supposed

insane person made not more than five days previous to making the certificate; * * *''

Sec. 4038 provides:

''A person whose insanity is so certified or any next friend or relative of such person may appeal from the decision of the physicians so certifying to such person's insanity, to the probate court * * *. Such appeal shall be noted on the certificate and shall be made by petition to such court setting forth the certificate and praying for hearing by such court on appeal. * * * The court shall cause a jury of twelve citizens of the county to be summoned * * *.''

Sec. 4039 provides:

''Such jury, under the supervision of the court, shall hear the evidence and counsel, and by verdict find whether the person is insane. If the jury finds the person insane, the court shall certify the verdict and thereupon such person may be committed and detained in a hospital for the insane as the law provides. * * * If the jury finds that such person is not insane, the court shall vacate the certificate of the physicians.''

Sec. 4042 provides:

''When an appeal is taken from the decision of such physicians * * *, such alleged insane person shall not be received in a hospital for the insane while the appeal is pending before the probate court. * * *''

Sec. 4017 provides that the state board of supervisors of the insane shall hear the grievances of patients in hospitals for the insane apart from the officers and keepers, and shall ascertain whether persons are confined who ought to be discharged.

Sec. 4027 provides that this board may discharge any person confined as a patient whom it finds on investigation to be wrongfully confined, or so far sane as to warrant his discharge.

Sec. 4030 provides that the friends or relatives of a patient may apply to this board for an inquiry into the confinement of such patient, and that the board shall take such action as is required.

Sec. 4043 provides that this board shall discharge patients who are not dangerous.

██ The fundamental rule in statutory construction is that the intention of the Legislature is to be ascertained and given effect. *In re Woolley's Estate*, 96 Vt. 60, 64, 117 Atl. 370; *Clifford* v. *West Hartford Creamery Co.*, 103 Vt. 229, 252, 153 Atl. 205; *Sorrell* v. *White*, 103 Vt. 277, 280, 153 Atl. 359; *Town of Brandon* v. *Harvey*, 105 Vt. 435, 439, 168 Atl. 708. Every part of the statute must be considered and, if possible, effect given to every word, clause and sentence. *Cole* v. *Walsh*, 97 Vt. 256, 260, 122 Atl. 664; *Grout* v. *Gates*, 97 Vt. 434, 448, 124 Atl. 76; *Town of Brandon* v. *Harvey, supra.*

██ Sec. 4038 does not specify when the appeal shall be taken, and consequently we must endeavor to arrive at the intention of the Legislature from an examination of all the sections to which we have called attention. Sec. 4036, by providing that the physicians' certificate must be made not more than twenty days before admission of the insane person to the hospital unless a longer time is required to dispose of the appeal, sec. 4039, by providing that if the jury find the person insane he may be committed, but if they find him not insane the certificate shall be vacated, and sec. 4042, by providing that when an appeal is taken the insane person shall not be received in a hospital pending the appeal, all taken literally, would imply that the appeal must be taken before commitment upon the certificate. Such a construction of the time for taking an appeal, in view of the facts that the statute contains no provision for prior notice to the alleged insane person that he is to be examined by physicians, that such an examination requisite to a certificate might be made without any knowledge or suspicion of such person, and that he might be committed to a hospital for the insane, as in this case, immediately after the certificate was made and without any knowledge of its existence or any time to take an appeal might raise a question as to the lawfulness of his commitment, even under the rule which prevails in some jurisdictions, that a statute providing for the commitment of a person

to an insane asylum without notice or hearing is not unconstitutional where, under such statute, the person committed, or any one in his behalf, may have the necessity for the restraint inquired into by a judicial tribunal after the commitment has been made. See 28 Am. Jur. Insane and Other Incompetent Persons, Sec. 32.

Where a statute is susceptible of two constructions, one of which supports it and gives it effect, and the other renders it unconstitutional and void, the former is to be adopted, even though the latter may be the more natural interpretation of the language used, for an act is never to be construed as unconstitutional if a reasonable construction can be placed upon it which will render it valid. *Central Vt. Ry. Inc.* v. *Campbell,* 108 Vt. 510, 523, 192 Atl. 197, 111 A. L. R. 175; *State* v. *Clement Nat. Bank,* 84 Vt. 167, 200, 78 Atl. 944, Ann. Cas. 1912D 22; *In Re Allen,* 82 Vt. 365, 377, 73 Atl. 1078, 26 L. R. A. (N. S.) 232. A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score. *State* v. *Auclair,* 110 Vt. 147, 156, 4 Atl. 2d. 107; *Central Vt. Ry., Inc.* v. *Campbell, supra; State* v. *Clement Nat. Bank, supra.*

Assuming, but not deciding, that sec. 4038 is susceptible to the construction that such an appeal is available after commitment, such construction must be adopted; but is it fairly possible and reasonable to so construe this section, in connection with the other sections referred to, as to afford such an appeal for more than four years after the commitment has been made?

It is well known that an insane person may often become sane at a later time. This is recognized by secs. 4017, 4027 and 4030. In secs. 4036 and 4037 it is required that the physicians' certificate must be made not more than twenty days prior to the admission to the hospital for the insane, and that such certificate must be based upon an examination made not more than five days before the certificate is made, so no person can be so confined unless examined not more than twenty-five days before his admission. This is to assure, so far as practicable, that a person shall be admitted when in the same condition as when he is examined.

By sec. 4039 the jury shall find whether the person is insane. This refers to his condition at the time the verdict is

rendered. If the appeal is taken within such time after the physicians' certificate was made that a change in the person's mental condition would be unlikely the verdict of the jury may be said to determine the correctness of the decision of the physicians. But if an appeal can be taken more than four years after the certificate was made the verdict of the jury does not determine that fact, as it cannot be said in every case that a person insane four years ago has not now become sane. Such an appeal, if the verdict is that the person is not insane, would result in his discharge although he might have been insane when committed. The purpose of the appeal is to determine the correctness of the decision of the physicians, not to determine long after a patient has been committed if he has then become sane and should be discharged. Secs. 4017, 4027, 4030 and 4043 authorize the state board of supervisors of the insane to discharge a patient under such circumstances.

Because sec. 4040 gives such a right of appeal to certain persons long after their commitment does not affect our conclusion. That section provides:

> "A person detained at any hospital for the insane in this state on February 1, 1909, shall be entitled to an appeal to the probate court and to trial thereon, as provided by the two preceding sections."

Secs. 4038 and 4039, the two preceding sections, are derived from P. S. 3757, as amended by Sec. 1 of No. 94 of the Acts of 1908. Sec. 4040 is derived from sec. 2 of that act, which provides:

> "Any person detained at any hospital for the insane in this state at the time this act takes effect shall be entitled to an appeal to the probate court and to trial thereon, as provided in section 3757 of the Public Statutes, as amended by section one of this act."

Prior to this amendment of P. S. 3757 appeals from the decisions of physicians certifying to the insanity of a person were taken to the board of supervisors of the insane and there was no provision for a jury trial. The apparent purpose of sec. 2 of

this act was to afford such a trial to all persons committed to a hospital for the insane prior to the time the act should take effect, which was February 1, 1909. Of necessity such a trial could not be had until so afforded, which might be many years after a patient was committed in some cases.

The state's attorney's motion impliedly admits that in current cases such an appeal may be taken within a reasonable time after commitment. Without determining if that is so, we hold that such an appeal can not be taken more than four years after the commitment. As to whether the said Cornell is lawfully confined we express no opinion.

*Decree affirmed. To be certified to the probate court.*