IN RE HELEN B. CORNELL.

February Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 21, 1941.

*Gibson & Gibson* and *A. Luke J. Crispe* for petitioner.

*Osmer C. Fitts* for Bratteboro Retreat.

*Barber & Barber* for T. Everett Starrett, intervenor, as guardian of Helen B. Cornell under appointment of Rhode Island Probate Court.

STURTEVANT, J.  This is a petition for a writ of *habeas corpus* brought to this Court by Minnie M. Beard of Brattleboro, Vermont, as the next friend of Helen B. Cornell.  From the petition and the respondent's return appear the following facts:

The petitioner is a sister of the said Helen B. Cornell, who was allegedly confined under a physicians' certificate in the Brattleboro Retreat, an institution for the care and keep of persons afflicted with mental disorders, located in Brattleboro, Vermont, on the 23rd day of April, 1936.

Said certificate was made in compliance with the provisions of P. L. sec. 4034.  In said certificate, the said Helen B. Cornell is certified to be insane and dangerous and a proper subject for treatment in an asylum for the insane for the reasons set forth in said certificate.

At the time said certificate was issued on April 23, 1936, the said Helen B. Cornell was at the Brattleboro Retreat and immediately upon the signing of same by the physicians she was confined in said Retreat thereunder; and ever since has continued to be and is now detained in said Retreat under the alleged authority of said certificate.

No notice of the examination upon which the certificate here in question was issued was given to the said Helen B. Cornell, or to the petitioner, and the petitioner had no knowledge of the existence of said certificate until, to wit: the 15th of September 1940.

The petition alleges that the said Helen B. Cornell is now wrongfully detained in the said Retreat by others and against her will and against the will of the petitioner; that she has not been legally committed to said institution and is being illegally restrained against her desires and against the desires of the petitioner; and that such detention is unlawful and contrary to the provisions of the Constitution of the United States and the amendments thereto, and the Constitution of the State of Vermont and the laws of this state.

The following sections of the Public Laws are material to the questions raised by this petition:

"Sec. 4034.  *Physicians' certificate.*  A person, except as otherwise provided, shall not be admitted to or detained in a hospital for the insane as a pa-

tient or inmate except upon the certificate of such person's insanity made by two legally qualified physicians, residents of this state. Such certificate shall contain a statement that the physicians making the same are each legally qualified to practice as a physician in the state, and the reasons for adjudging such person insane. The physicians making such certificate shall not be members of the same firm; and neither shall be an officer of a hospital for the insane in this state, nor a member of the state board of supervisors of the insane.''

''Sec. 4038. *Appeal to probate court; jury trial.* A person whose insanity is so certified or any next friend or relative of such person may appeal from the decision of the physicians so certifying to such person's insanity, to the probate court for the district in which such person resides, or in which the hospital for the insane to which he is committed, is situated. Such appeal shall be noted on the certificate and shall be made by petition to such court setting forth the certificate and praying for hearing by such court on appeal. Notice of such appeal shall be given in such manner as the court may direct to the state's attorney of the county, who shall appear and represent the interests of the state. The court shall cause a jury of twelve citizens of the county to be summoned by a sheriff or deputy sheriff designated for that purpose by the court. Such jury shall be drawn as a jury in an action before a justice of the peace is drawn, except that only six persons may be challenged. The probate court shall keep a record of trials of appeals under this section. The jurors and officers acting under the provisions of this section shall receive the same pay as for like service in a justice's court.''

At common law an insane person may be temporarily restrained without legal process and, if need be, in an asylum if his being at large would be dangerous to himself or others, preliminary to the institution of judicial proceedings for the consideration of his mental condition and such a restraint does not violate any constitutional provision. When, however, the

confinement is permanent in nature, the person thus confined is deprived of his liberty which, in order to be lawful, must be in pursuance to the judgment of a court of competent jurisdiction after such a person has had sufficient notice and adequate opportunity to defend. It is no answer to say the person is insane and consequently notice to him will be useless, for that is assuming as a fact the very thing in question and which is presumed to be otherwise until proved. Such notice and opportunity are required by the Constitution of this State, Article 10, wherein it reads: "Nor can any person be justly deprived of his liberty, except by the laws of the land, or the judgment of his peers": and by the Fourteenth Amendment to the Federal Constitution that no state shall "deprive any person of life, liberty, or property without due process of law." *In re Allen,* 82 Vt. 365, 371, 372, 73 Atl. 1078, 26 L. R. A. (N. S.) 232 and cases there cited to this proposition.

For the purpose of making such a certificate as is here in question any two qualified physicians residents of the state may be selected by those interested in having the person confined in an asylum, as insane, regardless of other actuating motives. The physicians are required to make their examination of a person within five days before making the certificate and to make oath to their certificate but they are neither designated, nor appointed, nor commissioned, by any court or public authority to act in that capacity. The examination may be made by them anywhere and under any circumstances permitting it without notice to, or knowledge by, the supposed insane person, and solely upon such examination their certificate may be based. They are not obliged to hear other evidence, even though offered by the person examined or in his behalf to show his sanity, and if they do hear evidence so offered it is as a mere matter of favor on their part. Such a proceeding is entirely devoid of the essential elements of due process of law. Moreover, if a person's right of hearing depends upon the grace, favor, or discretion of the persons, board, or tribunal whose duty it is to decide the question at issue, he is not protected in his constitutional right. The law must require notice to him, give him a right to a hearing, and an opportunity to be heard. *In re Allen, supra,* 374, 375.

Such a certificate of physicians cannot have the force of

judicial determination by which the state of a person's mind is fixed. *In re Allen, supra,* 375. When used as in the case at bar the certificate is not by law returned by the physicians to any court, public officer or public office. It is not a warrant, nor a binding order on any one, to commit to an asylum, or to restrain the person certified to be insane. It is but the written opinion under oath of the physicians that the person is insane and a proper subject for treatment and custody in some asylum or other institution for those so afflicted. *In re Allen, supra,* 376.

■■ From the foregoing it follows that when the confinement of a person in any institution is of a permanent nature, in order to be legal, such detention must be based upon the judgment of a court of competent jurisdiction after the person confined has had sufficient opportunity to defend. It is only when the confinement is temporary in nature that it can be otherwise than upon such judgment of such a court.

The detention in this case being upon the certificate of two physicians, if permanent in its nature, is unlawful and we therefore come to a consideration of the question as to the nature of the detention of the said Helen B. Cornell—that is, whether it is temporary or permanent in character.

■ If, under the provisions of P. L. Sec. 4038, the said Helen B. Cornell, her next friend or relatives are given the right to apply to the probate court therein designated, at any time while she is detained in an asylum for the insane by authority of the certificate in question for a determination of her mental condition as to being insane and dangerous, then her detention is temporary in nature, otherwise such detention is permanent in character. *In re Allen, supra; In re Dowdell,* (Mass. 1897), 47 N. E. 1033; *In re Crosswell's Petition,* (R. I. 1907), 66 Atl. 55.

This question has been recently determined in the case of *In Re Helen B. Cornell,* decided at the present term of this Court, *ante,* 111 Vt. 454, 18 Atl. 2d. 151. On November 21, 1940, the said Helen B. Cornell, being detained at said Brattleboro Retreat by authority of the aforementioned certificate, applied to the probate court for the district of Marlboro for an appeal from the decision of the two physicians as certified in said certificate. This appeal was alleged to have been taken under the provisions of P. L. Sec. 4038. Her petition for appeal

was dismissed by the probate court and her case was brought to this court. From the record in this case it appeared that the said Helen B. Cornell had been detained at said Brattleboro Retreat since April 23, 1936, and therefore, her application for appeal was made more than four years after the time she had been received in said hospital by the authority of said certificate. Since more than four years had passed since her detention at said hospital before she applied for this appeal it was held that she was not entitled thereto under the provisions of the statute, P. L. 4038, and that her petition was properly dismissed in the court below.

It therefore appears from what has hereinbefore been stated that the detention of the said Helen B. Cornell at the said Brattleboro Retreat is now permanent in character, and since such detention has not been the judgment of any court of competent jurisdiction, it is without authority of law and the said Helen B. Cornell is illegally deprived of her liberty.

As to the question raised by the guardian of Helen B. Cornell that she is detained in said Retreat by his authority as her guardian and therefore no certificate of physicians is needed, it is sufficient to note that P. L. Sec. 4034 specifies that ''A person, except as otherwise provided, shall not be admitted to or detained in a hospital for the insane as a patient or inmate except upon the certificate of such person's insanity made by two legally qualified physicians, * * *.'' P. L. Sec. 4044 provides that a person may be received in such institution by order of the supreme or county court without such certificate and P. L. Sec. 4048 provides that this is true as to voluntary patients. The ward of any guardian does not come within the persons excepted under the provisions of P. L. Sec. 4034.

It is also suggested that the petitioner, a sister of the said Helen B. Cornell, is without authority to bring this petition. P. L. Sec. 2026 provides that the petition may be brought by the party for whose relief it is intended, or by some person in his behalf. It follows that this petition is properly brought by the petitioner.

*Judgment that the said Helen B. Cornell is illegally restrained of her liberty and she is discharged from custody.*